*In re* KING'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—EXTRAORDINARY SERVICES— EXTRA COMPENSATION.
   The case is one of "unusual difficulty," within the meaning of 2 How. Stat. § 9015, providing for an extra allowance to executors in cases of unusual difficulty or responsibility, in which the executor is obliged to perform services not required of an executor in the ordinary course of his employment.

2. SAME—DEFENSE OF WILL—PROCURING WITNESSES.
   Services rendered by an executor in hunting up witnesses for proponents upon a contest of the will, in bringing them to counsel, and in assuming the responsibility of procuring their attendance at court, may properly be classed as extraordinary.

3. SAME—AMOUNT ALLOWED—DISCRETION OF COURT.

    The amount of an allowance for extraordinary services is discretionary with the trial judge, if there is evidence to support the claim.

Error to Wayne; Haire, J., presiding.    Submitted June 8, 1897.    Decided July 13, 1897.

Rachel L. Doty appealed from an order of the probate court disallowing her claim for services as executrix of the last will and testament of Adeline King, deceased. From a judgment for claimant, the estate (represented by George W. Bates) brings error.    Affirmed.

*Otto Kirchner*, for appellant.

*Ervin Palmer*, for appellee.

MONTGOMERY, J.    This is an appeal from an allowance of compensation to claimant as executrix of the will of Adeline King.    The circuit judge made a finding of facts, among which are the following:

"That from and after June 20, 1892, said Rachel L. Doty, as executrix, performed extraordinary services, not required of an executor or administrator in the common course of his duty, in hunting up witnesses for proponents, and bringing them to counsel, and in talking with a large number of persons with a view of making them witnesses for proponents, and assuming the responsibility of procuring the attendance of said witnesses for proponents, and having them present in court when needed, and in bringing them to counsel for proponents for examination; that said Rachel L. Doty was engaged in performing said extraordinary services for the estate the most of the time from June 23, 1892, the date of the sale of her said interest, to the close of the second trial; and said extraordinary services, and the responsibilities imposed upon her as executrix, were worth the sum of $1,500."

As a conclusion of law the court found:

"That, in exercising the judicial discretion imposed upon him by statute, it is just and reasonable that the said

Rachel L. Doty be allowed for her said extraordinary services and responsibility the sum of $1,500 and costs of this suit, to be taxed."

This matter was before the court on an appeal by claimant at a former term, and the opinion of the court is reported in 110 Mich. 203. It was then held that claimant was entitled to compensation for services rendered in an attempt to probate the will; that an executor may elect to take compensation under either section 9015 or section 5959, 2 How. Stat.; and that, if he elects to take for actual services in lieu of the percentage fixed by law, he is limited to $1 per day, except in cases of unusual difficulty and responsibility.

It is claimed by the appellant that claimant charges the estate for her services as executrix, 59 days from April 1, 1893, to April 2, 1894; 35 days from April 3, 1894, to May 23, 1894; and for extraordinary services, responsibility, and service in preparation for the second trial of the will case, etc. And it is contended that she is, therefore, limited to $1 per day, unless her services were of unusual difficulty and responsibility, and it is said that there was no finding that these services involved unusual difficulty or responsibility. We think the criticism of the finding too technical. There is a finding that claimant performed extraordinary services, not required of an executor or administrator in the common course of his duties. It would seem to follow that the care was of unusual difficulty or responsibility. The case is one of unusual difficulty in which the executor is required to perform extraordinary services, not required of an executor in the ordinary course of his employment.

It is also contended that, as a matter of law, the services are not of an extraordinary character; but we consider this question ruled against the contention on the former appeal. See, also, *Wisner* v. *Mabley's Estate*, 74 Mich. 143.

It is also contended that the sum allowed is not justified by any evidence in the case. There was testimony tend-

ing to support the claim of the executrix, and when this is so the allowance is within the discretion of the trial judge. *Mower's Appeal*, 48 Mich. 441.

It is contended that the circuit judge erred in refusing to find separately the amount allowed for ordinary and the amount allowed for extraordinary compensation. The answer to this is that all that was allowed was for what the circuit judge determined to be extraordinary services.

We discover no error in the proceeding.

Judgment affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.