*In re* GALLAGHER'S ESTATE.

| 120· | 365 |
| 126 | 165 |
| 120 | 365 |
| s128 | 528 |
| 120 | 365 |
| s79NW | 570 |
| 131 | ³617 |

1. EXECUTORS—COMPENSATION — ERRONEOUS INSTRUCTION—HARM-LESS ERROR.

It cannot be presumed that the finding of a jury as to the number of days an executor devoted to the business of the estate would be influenced by the amount of compensation allowed by the statute, and hence an instruction that such allowance is $1.50, instead of $1, per day, though erroneous, will not be deemed to have been prejudicial.

2. SAME—EXTRAORDINARY SERVICES—EXTRA COMPENSATION.

The discretion exercised by the circuit judge in determining whether services rendered by an executor were attended by such unusual difficulties as to entitle him to extra compensation under 3 Comp. Laws 1897, § 9438, will not ordinarily be reviewed.

3. NEW TRIAL—ORDER OF REFUSAL—FAILURE TO EXCEPT.

Where no exceptions are taken to an order denying a motion for a new trial, the matter is not open for review.

Error to Wayne; Frazer, J. Submitted April 20, 1899. Decided June 5, 1899.

In the matter of the estate of Patrick Gallagher, deceased, Maria J. Quinn, guardian, appealed to the circuit court from an order of the probate court charging a certain balance against Jeremiah Connor, the executor. On the trial in the circuit court, the jury found a much larger balance due, and Daniel Sullivan, the executor's surety, made a motion for a new trial. After a denial of the motion, Sullivan died, and Thomas F. Sullivan and another, his executors, bring error. *Affirmed.*

*Keena & Lightner*, for appellants.

*Rowland M. Connor* (*John D. Conely*, of counsel), for appellee.

HOOKER, J. Jeremiah Connor was appointed executor of the last will and testament of Patrick Gallagher, who died in 1886. His final account was heard in the probate court on May 28, 1895, and a balance was found against him amounting to $577.38. On appeal, the jury found the sum of $3,943.76 due from him to the estate. This trial occurred in October, 1897. At the time he was appointed executor, one Daniel Sullivan signed his bond as surety. He took no part in the proceeding in either court, but obtained leave to move for a new trial, which motion was denied. After his death, which occurred in March, 1898, his executors removed the case to this court by writ of error.

The items over which there is contention are (1) a claim for services for which a *per diem* allowance is sought; (2) a sum for extraordinary services, which the circuit judge denied; (3) an amount claimed for attorneys' fees; (4) the denial of a motion for a new trial.

The executor, Connor, testified that he spent from 150 to 200 days in the business of the estate from the time of his appointment to the time of filing his final account. He commenced and prosecuted a number of lawsuits, including a proceeding for the construction of the will. The court instructed the jury that the executor was entitled to $1.50 per day for the time spent in the service of the estate. The jury thereupon rendered a finding upon the issues, from which we quote the following:

"The following items of charges made by said executor against said estate, viz.: Wood judgment, $140; city taxes, 1887, $200,—were not paid by said executor as stated in said account; but the following sums were paid, viz.: Wood judgment, $112.50; city taxes, 1887, $153.

"The following items of charges made by said executor against said estate, viz.: Baker & Clark, attorneys' fees, February 9th, $100; Baker & Clark, attorneys' fees, December 14, 1892, $105; Baker & Clark, attorneys' fees, December 14, 1892, $125,—are excessive and unreasonable in amount. Two hundred dollars is a reasonable charge for the services mentioned in said items.

" The following charges made by said executor against said estate, viz.:   A. P. Lyons, attorney's fees, $120;  J. L. Cummins, fees, $25,—are disallowed.

"The following charge made by the executor against said estate, viz.:   Sheriff of Oakland county, $23,—was paid as stated by said executor.

"Said executor spent 100 days in services for said estate.

"Said executor collected and accounted for personal property to the amount of $1,912."

The order of the court, based upon this verdict, allowed Connor 100 days, at $1 per day.   This was in accord with the statute (3 Comp. Laws 1897, § 11220).

It is contended that the executor was prejudiced by the mistake in the instructions; but this can be only on the theory that the jury would have allowed him for more days had they known that the statutory *per diem* was but a dollar.   We cannot assume that the jury would so far violate their duty as to disregard the evidence as to the number of days spent.   They return that the time used was 100 days, and we must presume that this was correct, and the judge was justified in allowing for that time at the statutory rate.   Had it been a case where the jury were called upon to render a general verdict, and they had answered a special question in a similar manner, it would have been the duty of the judge to correct the verdict.

The same statute (3 Comp. Laws 1897, § 11220) authorizes the allowance of a further sum for extraordinary services where the settlement of the estate is unusually difficult.   Section 9438 contains a similar provision for extra compensation in addition to a commission.   The appellants make claim under the latter section.   They say that the matter is within the discretion of the circuit judge, but insist that he erred in not making such allowance, and ask that the order be reversed, and the cause be remanded, to give him such opportunity.   The court expressly found that there were no unusual difficulties or responsibilities in the execution of the trust.   It is not usual for this court to review the discretion of the trial

court in such matters. See *Mower's Appeal*, 48 Mich. 441; *In re Power's Estate*, 92 Mich. 106; *In re Brewster's Estate*, 113 Mich. 561; *In re King's Estate*, Id. 606. We think this finding should not be disturbed.

It is urged that, under the testimony, the court should have directed the jury to find a verdict for the amount claimed to have been paid to Baker & Clark for attorneys' fees, amounting to $330. The jury found that $200 was a reasonable sum, and in this the circuit judge concurred. We are of the opinion that the cross-examination of the executor afforded a sufficient reason for considering the question of the reasonableness of these disbursements.

In disposing of the motion for new trial the court said:

"The court having heretofore granted leave to make a motion for a new trial on the part of the parties now moving, for the purpose of allowing them an opportunity to review my decision before us now, in Quinn against Gallagher's Estate, the motion for a new trial is denied, for the reason that I think the charge of the court to the jury was correct in every particular. I see no error committed on the trial, and the moving party on this motion is allowed 30 days in which to settle a bill of exceptions to take this matter to the Supreme Court for review."

As no exceptions are taken to this order, it cannot be reviewed. *Stevenson* v. *Railway Co.*, 118 Mich. 651.

The order of the circuit court is affirmed.

The other Justices concurred.