### SULLIVAN *v.* PARKINSON.

1. FRAUDULENT CONVEYANCES — CONSIDERATION — HUSBAND AND WIFE.

> A homestead was purchased by a husband and wife in the name of the husband, the wife furnishing the greater part of the consideration. Five years later he conveyed the property to his wife, and four years after that she unwillingly, and on the promise that she should have it again, deeded it back to him. Eight years afterwards he gave her a mortgage on the property, and four years later, just before his death, conveyed it to her absolutely. *Held,* that the mortgage and deed to the wife were not mere voluntary conveyances, and that, the property not exceeding in value the amount of her claim and the homestead interest, it could not be subjected to the husband's debts.

2. SAME—TENANCY IN COMMON.

> Where a father and daughter purchased property as tenants in common, with an agreement that the survivor was to take the property, and quitclaim deeds were exchanged, and the daughter destroyed hers on the death of her father, and had his recorded, the father's interest was subject to his debts.

Appeal from Wayne; Frazer, J. Submitted October 9, 1901. Decided October 22, 1901.

Bill by Thomas F. Sullivan, trustee, against Jane Parkinson, Ida J. Parkinson, and Charles A. Parkinson, administrator of the estate of William Parkinson, deceased, to reach property alleged to have been conveyed in fraud of creditors. From a decree dismissing the bill, complainant appeals. Reversed.

*Keena & Lightner* and *John Considine, Jr.,* for complainant.

*Sidney T. Miller* and *James Cosslett Smith,* for defendants.

HOOKER, J.   In 1886 Considine, Sullivan, and Parkinson became sureties for Jeremiah Connor upon an executor's bond for $5,000 in the estate of Gallagher.   Upon Connor's final accounting he was found indebted to the estate in the sum of $3,943.76, and, upon appeal by the legal representatives of Sullivan (he being dead), the judgment in favor of the Gallagher estate was affirmed in the circuit court and in this court.   *In re Gallagher's Estate,* 120 Mich. 365 (79 N. W. 570).   In a subsequent action upon the bond a judgment was rendered against the obligors for $4,454.25 damages and $61.60 costs.   This judgment was taken in form against Connor and Considine, both Sullivan and Parkinson having died.   The complainant, as trustee for Considine and the estate of Sullivan, purchased this judgment for the sum of $4,400; the purchase price being furnished one-half by the Sullivan estate, and one-half by Considine.   In an effort to obtain contribution from the Parkinson estate, the complainant procured the allowance by the probate court of a claim for $1,466 on March 28, 1900; and this bill is filed to enforce payment against property the title to which at one time stood in Parkinson, but which was conveyed by him to other defendants.   Complainant claims that these were voluntary conveyances, and therefore void as against creditors.   One of these parcels was Parkinson's homestead, worth about $7,000, which he conveyed to his wife a short time before his death; the other, an undivided half interest held in common with his daughter, to whom he executed a deed designed to give her rights of survivorship.   In the circuit court the bill was dismissed.

The evidence satisfies us that for many years Parkinson was allowed by his wife to receive and appropriate the earnings of her property.   The homestead was purchased from one Robinson on September 17, 1875, for $7,000.   In payment therefor Mrs. Parkinson and her son deeded property in which she had at least a life estate, for an agreed price of $4,000.   A mortgage of $2,500 was given back to Robinson upon the homestead.   Where the re-

maining $500 came from, does not appear. The title was taken in Mr. Parkinson's name. On December 9, 1880, he deeded it to his wife, the deed being recorded July 8, 1884; and on October 11, 1884, she deeded it back to him. In 1892 Parkinson gave his wife a note and mortgage upon the premises for $7,000. This was recorded October 5, 1896. On October 29, 1896, Parkinson met with an accident, which caused his death soon after; and on the same day he executed a deed of the premises to Mrs. Parkinson, and at the same time she executed a discharge of the mortgage, and both were recorded on October 30, 1896.

The testimony convinces us that Mrs. Parkinson's property paid for the homestead, and that she did not willingly part with her title to it after her husband deeded it to her; having yielded to his importunity for the sake of peace, and upon the repeated promise that she should have it again. He recognized her claim by mortgaging it in 1892, and again by the deed which he made in October, 1896. We think neither of these instruments can be called a voluntary conveyance; and the fact that the security was not recorded should not postpone her to the claims of other creditors who had not meantime acquired liens upon the property. Her claim and the homestead interest, which might be the subject of gift, exceeded the value of the property which she received. *Dull* v. *Merrill*, 69 Mich. 49 (36 N. W. 677).

The other parcel of land was purchased by Parkinson and his daughter, and was conveyed to them by a deed which made them tenants in common. Each owned an undivided half. At the time of the purchase he told his daughter that, if she survived him, she should have the place, and afterwards a quitclaim deed was made by each to the other, and they were deposited in his secretary, to which both had access. After his death her deed was destroyed, and his deed to her was recorded. The place was purchased subject to a mortgage of upwards of $2,000, upon which she has made payments of interest and prin-

cipal.    We are of the opinion that Mr. Parkinson's interest in these premises should be subjected to the complainant's claim, after deducting therefrom such sums as Ida Parkinson has expended for its benefit in the way of reduction of the mortgage, interest, taxes, insurance, and repairs, less its share of the rents received by her, and subject to its share of the mortgage still unpaid.

A decree in conformity to this opinion, wherein the amount of complainant's claim will be settled, may be taken, with costs against Ida Parkinson, and the cause remanded for further proceedings.    Defendant Jane Parkinson will recover her costs against the complainant.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred.    GRANT, J., did not sit.