*In re* CRAWFORD'S ESTATE.

SUTTON'S APPEAL.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—ESTATES OF DECEDENTS.

On appeal from an order of the probate court determining an administrator's compensation, counsel having failed to claim the right to introduce further testimony, the action of the trial court in closing the proofs and entering the order allowing an additional sum as compensation, is not reviewable on error.

2. ESTATES OF DECEDENTS—EXTRAORDINARY SERVICES.

An allowance of $75 for extraordinary services to an administrator of an estate of about $1,900 is not so insufficient as to constitute an abuse of discretion.

Error to Wayne; Murfin, J. Submitted February 15, 1911. (Docket No. 192.) Decided May 8, 1911.

John Sutton presented his final account as administrator of the estate of William Crawford, deceased, and the same was disallowed in part by the probate court. On appeal to the circuit court by the administrator, the order was modified. Claimant brings error. Affirmed.

*Philip A. McHugh* and *William Henry Gallagher*, for appellant.

*Walter M. Trevor*, for appellee.

MOORE, J. The appellant in his account filed in probate court made a claim of $150 for extraordinary services. This claim was disallowed, and an appeal was taken to the circuit court, where the circuit judge allowed him $75. He made a motion for a new trial, which motion was overruled, and the case is brought here by writ of error.

Counsel say in their brief:

" The question involved is the right and power of the judge, in a case tried before a court without a jury, to cut off plaintiff in the midst of his case and render his decision thereon, without allowing the plaintiff to put his entire case upon the record."

They say they were not allowed a hearing in the probate court, and were not allowed a full hearing in the circuit court. In filing notice of the appeal from the probate court (section 669, 1 Comp. Laws), reasons for taking said appeal were given, but there was no suggestion that the judge of probate had not given appellant a hearing, and there is nothing in the record from which we could so find. In the hearing in the circuit court, the appellant gave testimony, which, in the narrative form, fills more than three pages of the printed record. In this testimony it was disclosed that the estate amounted to about $1,900, $100 coming from Mr. Tierney, a good watch worth $15, trunks $10, money on the person of the deceased $75, money in the Home Savings Bank, Detroit, $499, and the balance money in the bank in Pittsburg, Pa., and that this constituted the entire estate, and that the judge of probate had allowed the administrator for his services $71.42. At this stage of the proceedings the following occurred:

" *The Court:* Mr. Trevor, why didn't Judge Durfee allow this man more compensation than $70 ?

" *Mr. Trevor:* This whole matter was gone into by Judge Durfee, and he had allowed counsel who performed all of this work a large fee—

" *The Court:* $100, I notice from the account.

" *Mr. McHugh:* He only allowed $25, your honor, for handling the estate for two years. We put in a claim for $100, and we finally got $25 for handling that Pittsburg litigation. It only cost the estate $125.

" *The Court:* Do I understand that you have been allowed for all the work done as counsel in this estate $25 ?

" *Mr. McHugh:* $125, your honor. We put in a claim for $100, and were allowed $25 in the final account. Now, counsel will concede that, when we made the demand for

this extra compensation, Judge Durfee refused to hear testimony, but decided it without hearing any testimony, so that he did not know of this extra service that we performed. Mr. Sutton was never sworn as a witness—

"*The Court:* I think I shall allow you $75 additional compensation. It seems to me that is very fair in view of the character of the estate, and the work that has been done, and in view of the circumstances. I do not think I shall allow costs on this appeal because it has not taken up very much time.

"*Mr. Trevor:* If your honor please, I want to correct my brother's statement that Judge Durfee did not hear any testimony. He did. He heard testimony from Mr. Sutton and Mr. McHugh.

"*The Court:* It is not necessary to correct it.

"*Mr. McHugh:* I want this on the record—

"*The Court:* I do not want it on the record. I do not want anything to go on the record to indicate that Judge Durfee has not performed his duty, because I don't believe it. You may prepare a proper order for $75 additional compensation.

"*Mr. Trevor:* I haven't any objection. That is $75 in full of all—

"*The Court:* Yes."

And thereupon the court caused a finding and order to be entered allowing said plaintiff the sum of $75 for extraordinary services rendered by said plaintiff as administrator of the said estate.

The record does not show that at this time objection was made to the course taken or that any further proof was offered. Later a motion was made for a new trial. Among other reasons assigned was the statement that counsel had not been allowed to put in all the testimony desired. In overruling this motion the court said:

"Motion for new trial has been made in this case, based on a number of grounds; the principal error urged on the hearing, however, being that the amount awarded the administrator for extra compensation was insufficient. At the time of the trial, from the testimony developed and the admissions of counsel, all the facts necessary to a proper determination of the suit were before the court. No rea-

son has since been advanced to suggest why the allowance made by the court was not proper. Believing it to be fair to all parties concerned, the motion is denied."

If counsel desired to put in other testimony, he should then have indicated it.

The administrator had testified with considerable detail what he had done and the amount of the estate. In view of the allowances already made to the administrator and to his counsel, we do not think it can be said to be error that the allowance made by the circuit judge was not larger. *In re Gallagher's Estate*, 120 Mich. 365 ( 79 N. W. 570); *Mower's Appeal*, 48 Mich. 441 ( 12 N. W. 646); *Power's Estate*, 92 Mich. 106 (52 N. W. 298); *Brewster's Estate*, 113 Mich. 561 ( 71 N. W. 1085); *King's Estate*, 113 Mich. 606 (71 N. W. 1080).

Judgment is affirmed, without costs to either party.

HOOKER and BROOKE, JJ., concurred. BLAIR and MC-ALVAY, JJ., concurred in the result.