## KYES v. VALLEY TELEPHONE CO.

1. PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE — TELEPHONE COMPANIES.

   While a telephone company was removing a pole from the street, it fell upon the foreman of a street-paving work, who was 85 feet from where the pole stood. *Held*, in an action against the telephone company for the injury, that the fact that the foreman knew that the telephone wires were being cut and removed was not sufficient notice that the pole would fall.

2. SAME—QUESTION FOR JURY.

   Where there was conflicting testimony as to whether plaintiff's intestate was warned as to the danger, the question of contributory negligence was properly left to the jury.

3. SAME—SURVIVAL ACT—DAMAGES.

   An administrator, in an action to recover for personal injuries

resulting in the death of his intestate, is entitled to recover, under the "Survival Act" (3 Comp. Laws, § 10117), for what the deceased might have earned during the time he probably would have lived had he not been injured.

Error to Saginaw; Snow, J. Submitted December 5, 1902. (Docket No. 117.) Decided February 17, 1903.

Case by Nora Isabella Kyes, administratrix of the estate of Roderick Kyes, deceased, against the Valley Telephone Company, for alleged negligent injuries to her intestate. From a judgment for plaintiff, defendant brings error. Affirmed.

The deceased, Roderick Kyes, was a general foreman on the work of paving Saginaw street, in the city of Flint. The defendant had been notified to remove its telephone poles from the street, and was engaged at that work. The wires had been removed. The guy wire was cut from the pole, which fell, and struck and injured the decedent. He was at the time engaged in filling a sewer trench. The pole fell upon him, and inflicted injuries from which he died the following day. The injury occurred at 9 o'clock in the morning. He remained unconscious until about 1 o'clock, then regained consciousness, and retained it until the following day, about 2 o'clock, when he became unconscious, and remained so until his death. He was 39 years of age, in good health, and intelligent. He received $2.50 per day. He left a wife and two children, and a third child was born after his death. The negligence charged is the failure to exercise due care and caution in taking down the telephone pole. Plaintiff recovered a verdict for $5,000.

*Weadock & Purcell*, for appellant.

*L. T. Durand* (*Durand & Carton*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The defend-

ant does not contend that there was no evidence of negligence on the part of the defendant, but upon the trial insisted and requested the court to instruct the jury that the deceased was guilty of contributory negligence. It is insisted that he continued to work in this dangerous position with full knowledge that the pole was liable to fall. We cannot concur in this view. It is unnecessary to state the testimony in detail. He was not warned by the defendant that there was any danger. The fact that he knew that the telephone wires were being cut and removed, and that some of them had fallen near where he was at work, was not sufficient notice to him that the pole would fall. He had a right to act upon the belief that, when the defendant's employés were ready to take down the pole, they would notify him, if there was any danger, or would adopt safe means to take it down. Two men who were walking along the street testified that they said in the presence of three men, including the deceased, who were working there, that they "wouldn't work there a minute;" that it was dangerous. One of the workmen positively denied any such conversation. Besides, the deceased was at work in the trench, from 30 to 35 feet distant, and perhaps paying no attention to the conversation. One may be in position to hear, but it does not follow that he does hear or that he ought to hear. That depends upon how his mind and attention are occupied. The testimony on this point was in sharp conflict, and was properly left to the jury. *Menard* v. *Railroad Co.*, 150 Mass. 387 (23 N. E. 214); *Horn* v. *Railroad Co.*, 4 C. C. A. 346, 54 Fed. 301.

2. This action is brought under what is known as the "Survival Act" (section 10117, 3 Comp. Laws), which reads as follows:

"In addition to the actions which survive by the common law, the following shall also survive, that is to say: Actions of replevin and trover, actions of assault and battery, false imprisonment, for goods taken and carried away, for negligent injury to persons, for damage done to

real and personal estate, and actions to recover real estate where persons have been induced to part with the same through fraudulent representations and deceit."

The court instructed the jury that:

"The plaintiff is entitled to recover the same damages that the deceased would have been entitled to recover had he brought the action in his lifetime. That is to say, you may award such damages as, in your judgment, would be a fair compensation for the loss sustained by the deceased by reason of the injuries he received. You are to consider his age, his habits of industry, his ability to labor, his capacity to earn money, and the wages he was in the habit of earning when injured, and the length of time he would probably have lived had he not been injured, the loss he sustained by reason of being deprived by such injuries of the ability to labor and earn money during the time he probably would have lived had he not been injured,—using your best judgment, under all the facts and circumstances in the case, in arriving at what would be a just compensation for such loss."

In *Sweetland* v. *Railway Co.*, 117 Mich. 329 (75 N. W. 1066, 43 L. R. A. 568), it was decided that the statutes do not give two rights of action. The statutes were again before the court in *Dolson* v. *Railway Co.*, 128 Mich. 444 (87 N. W. 629), and we again so decided, and held that, where death is not instantaneous, the administrator recovers under the survival act, and that, where the death is instantaneous, the recovery, if any, must be under the death act (sections 10427, 10428, 3 Comp. Laws). Defendant now insists that plaintiff's measure of damages, in addition to compensation for pain, suffering, and medical attendance, is what the deceased might have earned between the time of his injury and his death. We said in the *Dolson Case* that the administrator could recover "the full measure of damages for the benefit of the next of kin." When an action survives, the representatives of the deceased are entitled to recover the same measure of damages that he could have recovered if he had lived to bring his suit to a successful issue. *Muldowney* v. *Railway Co.*, 36 Iowa, 462; *Maher* v. *Traction Co.*, 181 Pa.

St. 391 (37 Atl. 571); 8 Am. & Eng. Enc. Law (2d Ed.), 908, par. 11.  The instruction was correct.

We find no prejudicial error in the rulings of the court upon the testimony.

The judgment is affirmed.

The other Justices concurred.