OLIVIER *v.* HOUGHTON COUNTY STREET-RAILWAY CO.

1. NEGLIGENT INJURIES—SURVIVAL OF ACTIONS—REMEDIES.
   Where a person injured through the negligent act of another lives in an unconscious condition until the following day, an action for damages for the wrongful act must be brought under the "survival act," and not under the "death act."

2. SAME—DAMAGES.
   In an action under the "survival act" for negligent injuries resulting in death, a recovery may be had for the amount that the deceased could have earned during the period that he would probably have lived but for the injury.

Error to Houghton; Streeter, J. Submitted June 5, 1903. (Docket No. 35.) Decided September 15, 1903.

Case by Charles O. Olivier, administrator of the estate of Cyrille Boivin, deceased, against the Houghton County Street-Railway Company, for negligent injuries to plaintiff's intestate, resulting in his death. From a judgment for plaintiff for an alleged insufficient amount, he brings error. Reversed.

*W. A. Burritt*, for appellant.

*Gray, Haire & Stone*, for appellee.

HOOKER, C. J. The plaintiff's intestate was injured, while riding in a wagon, through a collision with a street car. He was rendered unconscious, in which condition he remained until his death upon the succeeding day. The declaration contained four counts, two under what has been termed the "Death Act," and two under the "Survival Act." One of each charged "gross negligence." It was not claimed that the deceased was chargeable with contributory negligence. Upon the undisputed fact that deceased lived until the following day, the court held that

the death was not instantaneous, and excluded testimony under the counts based on the death act, and subsequently counsel abandoned the count charging gross negligence under the survival act. A verdict and judgment for the plaintiff for four dollars was rendered, and the plaintiff has brought error.

The appellant's counsel raises two questions:

1. Whether he was entitled to recover under the death act.
2. Whether the court erred in his instructions upon the measure of damages.

We see no reason for splitting hairs as to what is meant by instantaneous death, though we can appreciate the difference between a continuing injury resulting in drowning, or death by hanging, throwing from a housetop, etc., and one where a person survives the wrongful act in an injured condition. There is no occasion for saying that one dies instantly because such survival is accompanied by a comatose condition, or unconsciousness, or insanity, or idiocy. The law draws no such distinction between the normal and abnormal, or the rational and irrational. Either has a right of action. In some cases the intervention of a next friend is necessary, but that makes no difference. See 8 Am. & Eng. Enc. Law (2d Ed.), 866; and see, also, *Kellow* v. *Railway Co.*, 68 Iowa, 470 (23 N. W. 740, 27 N. W. 466, 56 Am. Rep. 858), where it was held that survival of the injury for a moment is sufficient to permit the cause of action to vest and survive. This case is said to overrule the case of *Sherman* v. *Stage Co.*, 24 Iowa, 515, cited in our case of *Sweetland* v. *Railway Co.*, 117 Mich. 329 (75 N. W. 1066, 43 L. R. A. 568). We passed upon the question in the case of *Dolson* v. *Railway Co.*, 128 Mich. 444 (87 N. W. 629). This action survived, and, under that decision, no right of action under the death act accrued.

The court was of the opinion that the damages must be limited to the amount that deceased could have earned during the few hours that he lived after receiving the

injury. It is but fair to state that this case was heard before the recent case of *Kyes* v. *Telephone Co.*, 132 Mich. 281 (93 N. W. 623), was decided. That case settled the rule for this State, which was indicated in the *Dolson Case*, that, in estimating damages in such a case, it is proper to consider—

"The earning ability of the injured person, and the length of time that he would probably have lived had he not been injured, and the loss he sustained by reason of being deprived, by such injuries, of the ability to labor and earn money during the time he probably would have lived had he not been injured."

Counsel for the defendant urge that the damages recoverable in such a case should be only (1) the injury to feelings, pain and anguish, of deceased while he actually lived, and (2) the loss of earnings during the remainder of the time that he actually lived. This is an unreasonable limitation. We need not discuss the reasoning by which the result is reached. We have long ago held that prospective damages are recoverable. An injured person may recover for loss of earnings for the period during which the evidence fairly shows that he would have lived but for the injury. This rule would apply to one who should live long enough to try his case, though he should die the following day. But defendant's contention would substitute another rule upon a second trial after his death, should such trial become necessary. Such recovery is based upon the actual damages suffered through the accident. On the first trial the recovery is based upon a probable prospective incapacity for a probable period. After death, such incapacity (and consequent loss) is made certain, where it was only probable before. The period alone remains uncertain. As to pain and mental suffering, it is different. Upon the first trial, the duration of such pain and suffering is uncertain; upon the second, it is definite. As has been already suggested, it is not a new doctrine that prospective damages, when reasonably certain, may be recovered. It is a part of the right that

survives under the act, as was held in the *Kyes Case.*
Such a construction removes the only objection that can
be urged against the view which we have taken of the
death act.    It gives to the representative the absolute
right to the remedy which his ancestor had, instead of .
leaving it to depend upon the accident of his dependency.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.