## HUNTER *v.* VILLAGE OF ITHACA.

1. PERSONAL INJURIES—SURVIVAL OF ACTIONS—DAMAGES—CLAIM AGAINST VILLAGE—SUFFICIENCY.

   The damages recoverable by an administratrix for injuries to her intestate resulting in his death are those which the intestate might himself have recovered had he lived; and the fact that a claim for such injuries, filed with a village clerk pursuant to the statute, includes other damages, which claimant could not recover, is not fatal to her right to recover proper damages. So *held* where claimant, as widow and administratrix of the deceased, made claim for $3,000, as damages sustained by the deceased, "and by his heirs, estate, representatives, and next of kin."

2. MUNICIPAL CORPORATIONS — CLAIM FOR PERSONAL INJURIES — ITEMIZATION.

   1 Comp. Laws, § 2754, providing that every account against a village, presented to the council for allowance, shall exhibit in detail all the items making up the amount claimed, and the true date of each, applies only to accounts made up of items, and has no application to a claim for damages for personal injuries caused by a defective sidewalk; the same being governed by section 2775, as amended by Act No. 223, § 7, Pub. Acts 1899.

Error to Gratiot; Stone, J. Submitted November 17, 1903. (Docket No. 118.) Decided December 22, 1903.

Case by Maranda Hunter, administratrix of the estate of Bruce Hunter, deceased, against the village of Ithaca, for negligent injuries to her intestate, resulting in his death. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*John T. Mathews*, for appellant.

*John M. Everden* and *Searl & Monfort*, for appellee.

CARPENTER, J. Plaintiff is the widow and administratrix of Bruce Hunter, deceased. As such administratrix, she brought this suit to recover for injuries which caused his death. The trial court directed a verdict for defendant, upon the ground that the notice served by plaintiff upon defendant did not comply with the law. Was this decision correct?

On the 2d of December, 1901, plaintiff filed with the clerk of defendant municipality a verified petition, in which she stated that on the 3d of October, 1901, Bruce Hunter was injured by falling upon a defective sidewalk in said village; that he suffered great bodily pain until he died, as a result of his injuries, on the 27th of October, 1901. The objection to the petition arises wholly from the claim of damages, which was as follows:

"You are further advised that I, Maranda Hunter, widow of said Bruce Hunter, deceased, in my individual capacity and as administratrix of the estate of the said Bruce Hunter, deceased, have and claim to have, under the statute of the State of Michigan in such case made and provided, a right of action against the said village of Ithaca by reason of the premises aforesaid, and that I intend to hold said village of Ithaca for such damages as may have been sustained by said Bruce Hunter, and by his heirs, estate, representatives, and next of kin, by reason of said injuries, which damages are in the sum of three thousand dollars."

The petition was signed, "Maranda Hunter, as administratrix of the estate of Bruce Hunter, deceased."

The sole objection to this petition is that one gross

amount is demanded for several claims for damages. It is said that in this petition damages are claimed for the estate under the survival act (section 10117 of the Compiled Laws), for the next of kin under the death act (section 10428 of the Compiled Laws), and for the plaintiff and next of kin individually. If this petition has thus blended claims, it is obvious that several unfounded claims are united with one well-founded claim, as it is settled by the decisions of this court (see *Dolson* v. *Railway Co.*, 128 Mich. 444 [87 N. W. 629]; *Jones* v. *McMillan*, 129 Mich. 86 [88 N. W. 206]; *Kyes* v. *Telephone Co.*, 132 Mich. 281 [93 N. W. 623]) that all the damages which can be recovered, under the facts stated in this petition, are those which the intestate might himself have recovered had he lived. In other words, under defendant's construction, plaintiff claimed in her petition damages which she could not recover, and she did not separate them from damages to which she was entitled. The claim that such a defect in the petition shall work a destruction of a cause of action, otherwise valid, should be supported by nothing less than a clear legal enactment, for it is manifest that it can work no practical injury to the municipality. It is true that, if the municipality desired to settle the claim, it might be inconvenienced by not being informed by the petition precisely what would satisfy the legal claims of petitioner; but this inconvenience could be removed by a simple inquiry.

The learned trial judge was of the opinion that the law required petitioner to so state her claim for damages that, "if found reasonable, * * * they might be paid, and thus avoid litigation." The law governing this subject is contained in section 2754 of the Compiled Laws of 1897, and section 2775 of the Compiled Laws of 1897, as amended by section 7 of Act No. 223 of the Public Acts of 1899. Section 2754 reads:

"The council shall audit and allow all accounts chargeable against the village; but no account or claim or contract shall be received for audit or allowance unless it

shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed or the property delivered for the village, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim. *And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each.* It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the village, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid."

Section 2775, as amended, so far as material to this case, reads:

"No village  *  *  *  shall be liable in damages sustained by any person,  *  *  *  either to his person or property,  *  *  *  unless such person shall serve or cause to be served, within sixty days after such injury shall have occurred, a notice in writing upon the clerk or deputy clerk of such village, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury, as far as the same has become known, and that the person receiving such injury intends to hold such village liable for such damages as may have been sustained by him."

The only language in either of these sections which, in our judgment, tends to support the contention of defendant, is the following sentence in section 2754:

"And every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each."

This language applies, as it clearly indicates, only to accounts made up of items. A claim for damages resulting from personal injuries is in no sense an account made up of items. The form of stating such a claim in the notice to the village is indicated, not by the sentence above

quoted, but by section 2775, as amended, and a statement made, as plaintiff's was, in conformity with that section, was a full compliance with the law.

The judgment must be reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.