OLIVIER v. HOUGHTON COUNTY STREET-RAILWAY CO.

1. PERSONAL INJURIES — DEATH — MEASURE OF DAMAGES — SURVIVAL ACT.

Under section 10117, 3 Comp. Laws, providing that actions for negligent injury to persons shall survive, in an action by an administrator for injuries to his decedent, who died a few hours after the injury, plaintiff may recover the amount decedent would have earned during the period he would probably have lived, without any deduction for what it would probably have cost him for food, clothing, and other personal expenditures.

2. SAME—EVIDENCE—HARMLESS ERROR.

In an action for personal injuries by an administrator, under the survival act (3 Comp. Laws, § 10117), evidence that decedent left a family is immaterial, but its admission is harmless, where plaintiff disclaimed any recovery on such evidence, and the court so instructed the jury.

Error to Houghton; Streeter, J. Submitted July 16, 1904. (Docket No. 85.) Decided November 29, 1904.

Case by Charles O. Olivier, administrator of the estate

of Cyrille Boivin, deceased, against the Houghton County Street-Railway Company, for negligent injuries to plaintiff's intestate, resulting in his death.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

*Gray, Haire & Stone*, for appellant.

*W. A. Burritt*, for appellee.

MONTGOMERY, J.   On the 21st of June, 1902, plaintiff's intestate received injuries through defendant's negligence, which, 14 hours later, on June 22, 1902, caused his death.   This suit is brought, under the survival act (section 10117, 3 Comp. Laws), to recover compensation.

The first trial resulted in a small verdict and judgment for the plaintiff, the trial judge holding that recovery for loss of earnings of decedent was limited to the time intervening between his injury and death.   That judgment was reversed by this court (see 134 Mich. 367) on the ground that a recovery might be had "for loss of earnings for the period during which the evidence fairly shows that he [the deceased] would have lived, but for the injury."

A second trial has been had, and a verdict of $7,300 rendered for plaintiff.   On this trial the jury was instructed, in accordance with our decision, to compute the loss of earnings during the period deceased would probably have lived.   But the trial court refused to instruct them, as requested by defendant, that they should deduct from this amount what it would probably cost decedent for his food, clothing, and other personal expenditures.   The principal question raised by this appeal is the claim of defendant that the refusal of this request was erroneous.

In my opinion, the trial judge correctly interpreted and applied the decision of this court given on the former hearing of this case.   134 Mich. 367.   In that case it was held that the plaintiff might recover for the loss of earnings which the evidence fairly shows that deceased would have made during the period which he would have lived,

but for the injury. This rule is to my mind the only just one to apply. The present plaintiff sues in a representative capacity. He ought to be able to demand the same damages that the deceased might have exacted if the action had been brought to trial during the latter's lifetime. If this be not so, then the statute is in part inoperative, and the action does *not* survive to the legal representative, except in a limited degree. But we held in *Kyes* v. *Telephone Co.*, 132 Mich. 281, and in *Olivier* v. *Railway Co.*, 134 Mich. 367, that the administrator is entitled to the same damages that deceased could have recovered, had he lived to bring the suit to a successful issue. See, also, 4 Sutherland on Damages (3d Ed.), § 1241, citing above cases. I am not able to discover any just reason why these rulings should not be decisive of the present case. When the deceased received his injury, he stood entitled to recover then and there the loss sustained by being deprived of the power to earn money during the period he would have lived, had he not suffered the injury. It would not, under these decisions, have been any answer for defendant to say that "while this is precisely what we have deprived you of, you cannot recover it all, as we have, in addition to crippling you, shortened your life." To admit such an answer is going a step beyond refusing compensation for loss of life. It is permitting a defendant to assert the excessiveness of his own tort to escape paying full compensation for the injury. This should not be permitted. If not permitted in an action by the injured party, it should not be allowed in an action by his legal representative.

Still more inequitable is the suggestion that the plaintiff's damages ought to be reduced because the defendant, by the severity of the injuries inflicted, succeeded in relieving the deceased of the burden of supporting himself after a short period, as the injury shortened his life. In the first place, such a contention erroneously presupposes that the tort feasor is concerned in the manner in which his victim shall dispose of the damages which he receives for

his injuries. With all respect for the contention, it may be stated that it is none of the defendant's business how the injured party disposes of the money received in compensation for the injury. The fallacy is in assuming as a premise (although not so stated) that the action is, in some sense, to recover for the cost of the injured party's maintenance. This is in no sense true. The action is to recover the damages which have resulted as a present loss to the injured party, in being deprived of a capacity to earn money, which capacity he had before the injury, and which he now has not. That capacity he had, with an assurance of a continuance for his expectancy of life (subject, of course, to ordinary vicissitudes as to sickness). He has it not now for any period. If we subtract nothing from such expectancy, we have as a result the period of earning capacity of which the injured party is deprived.

The cases cited which have arisen under the death act, and have from time to time been considered, have no application, for the reason that in those cases the damages recoverable are those *sustained* by the next of kin. In this case the damages which are recoverable are those sustained by the deceased.

I think it also follows from the above reasoning that testimony to the effect that deceased left a family was immaterial. But in view of the disclaimer of any claim for damages based upon this testimony, and of the very careful charge of the circuit judge, I think the error in the admission of this testimony did no harm to defendant, and that the judgment ought not for this reason to be reversed.

The judgment should be affirmed.

The other Justices concurred.