HANNA *v.* McCLAVE.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —NEGLIGENCE—INFERENCES—AUTOMOBILES—PEDESTRIANS.
   In action by administrator under survival act against motorist
   who fatally injured plaintiff's decedent, a man 76 years of age
   and a pedestrian crossing a paved highway, defendant's testi-
   mony as to position of deceased upon the pavement when seen
   by witness had a direct bearing on latter's subsequent acts and
   question of his negligence and was improperly excluded as a
   fact ''equally within the knowledge of the deceased'' since it
   accepts, as an inference, a degree of awareness which does not
   always accompany movements of a pedestrian (3 Comp. Laws
   1929, §§ 14040, 14219).

2. SAME — FACT MUST AFFIRMATIVELY APPEAR EQUALLY WITHIN
   KNOWLEDGE OF DECEASED.
   That the fact, if true, was equally within the knowledge of de-
   ceased, must affirmatively appear and may not be inferred, in
   order to bar opposite party's testimony thereto under the
   statute (3 Comp. Laws 1929, § 14219).

3. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—
   EVIDENCE—INSTRUCTIONS.
   In action by administrator under survival act for death of his
   decedent, testimony as to position of decedent upon pavement
   when seen by defendant should have been received and jury
   instructed not to give it consideration if found to have been
   equally within the knowledge of deceased, and the burden of
   so showing is on one invoking prohibition of statute (3 Comp.
   Laws 1929, § 14040, 14219).

4. AUTOMOBILES—RIGHT SIDE OF ROAD—PRESUMPTIONS.
   In action by administrator under survival act for death of his
   decedent, trial court was in error in reading to jury statute
   requiring drivers to keep on the right side of the pavement
   and presumption of negligence arising if defendant was on
   wrong side, since presumption could not be considered by jury
   because facts, claimed by plaintiff, appeared and presumptions
   cannot be weighed against facts (Comp. Laws 1929, §§ 4703,
   14040, 14219).

5. NEGLIGENCE—PRESUMPTIONS—EVIDENCE.
    Presumption of negligence exists only in the absence of evidence
    and does not serve at all when the issue of negligence is tried
    out upon evidence.
NELSON SHARPE, J., dissenting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 16, 1935. (Docket No. 95, Calendar No. 38,168.) Decided April 8, 1935.

Case by Alexander Hanna, administrator of the estate of Samuel·Hanna, deceased, against Irving McClave for personal injuries received by plaintiff's decedent while a pedestrian crossing a highway when struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Linsey, Shivel & Phelps* (*John H. Vander Wal,* of counsel), for plaintiff.

*Rodgers & Dunn,* for defendant.

NELSON SHARPE, J. (*dissenting*). Samuel Hanna, while walking across a paved highway in the township of Sparta, in the county of Kent, on June 12, 1933, came into collision with an automobile, owned and driven by the defendant. He was severely injured thereby, was taken to a hospital, and died as a result thereof several hours thereafter. This action is brought by the administrator of his estate to recover the damages incident thereto. He had verdict and judgment for $1,190.49, from which the defendant has taken this appeal.

The case was called for trial at the opening of the court on Saturday, September 15, 1934. This was the

last day of the then term of the court. The next term opened on the following Monday, the jury having been summoned to appear on Tuesday. It had been set for trial on the 14th, but was not reached. Counsel for the defendant orally requested that the case be continued until the next term. His request was based upon an alleged statement of plaintiff's counsel that he felt that the present jury "would be more than ordinarily favorable to his side of the case." Plaintiff's counsel, while admitting that he might have made the statement "in a joking way," called the attention of the court to the fact that the case had been at issue for nearly a year; that it had been set for trial in July of that year, and had been continued at the request of defendant's counsel on account of the absence of his client from the State. The trial court stated that it would be uncertain when the case could be tried if continued over the term as other cases had been set for trial at the opening of the next term, and denied the request. The case was tried and disposed of on the 15th and 17th of September. We find no abuse of discretion in the action of the trial court. When plaintiff's counsel had rested, defendant's counsel moved for a directed verdict on the ground that the testimony showed that the deceased was guilty of contributory negligence as a matter of law. Error is assigned on the denial thereof.

The evidence submitted at that time disclosed that the deceased was 76 years of age, and in good health. He had been stopping at the farm home of Seymour Campbell, whose wife was his granddaughter. Campbell testified that the deceased left his home about 7 o'clock in the morning to take the bus to Grand Rapids; that he saw him as he went towards the south out of the driveway by the side of

the house to cross the highway, which was paved with asphalt in the center to the width of 18 feet; that when the deceased reached the pavement and had stepped four or five feet thereon, the witness heard brakes "squeal" and saw deceased take one step backwards; that defendant's car, driven by him, came from the west in the center of the pavement at a speed of between 30 and 40 miles per hour; that as it turned somewhat to the right its left front fender struck the plaintiff's decedent and threw him about 35 feet to the east and the car went about 50 feet to the right and off the pavement into a bank and turned over, and that he first saw defendant's car when it came into view past the house and when it was about three rods west of where the collision occurred. He also testified that about one o'clock on that day he made some measurements of the location of the tracks made by defendant's car at the time of the collision, and found that the car was then going in a southeasterly direction, and that the wheel tracks shown were one foot and two inches north of the center line of the pavement.

When the evidence is considered in the light most favorable to plaintiff's right to recover, we do not think it can be said as a matter of law that the deceased was guilty of contributory negligence. He was at all times on the north side of the center of the pavement. This should have been a place of safety for him as to the danger from automobiles traveling in an easterly direction. The holding of the trial court is supported by a number of the decisions of this court, of which we call attention to but a few. *Rowland* v. *Brown*, 237 Mich. 570; *Dreyfus* v. *Daronco*, 253 Mich. 235; *Lawrence* v. *Bartling & Dull Co.*, 255 Mich. 580; *Wood* v. *Priborsky*, 259 Mich. 556.

The motion for a directed verdict was renewed at the conclusion of all of the proofs. Defendant's counsel insist that the reason for his car being partly across the center line of the highway at the time of the collision was fully disclosed by the testimony submitted by him, and that his motion should at that time have been granted. In our opinion it but presented an issue of fact for the consideration of the jury.

Error is assigned upon the submission to the jury of plaintiff's right to recover for loss of prospective future earnings by the deceased. He was at that time nearly 77 years of age, in good health, and assisted somewhat in the work on the farm. It appeared that he had chopped wood, milked cows, husked corn, helped dig the potatoes, and "worked out some for money." We find no error in the submission of this question to the jury.

Recovery was had under the survival act.[*] Evidence was submitted showing that the expenses of burial of the deceased was the sum of $232.80. Counsel for the defendant objected thereto, unless it was limited to recovery under the death act.[†] It was admitted, and the jury were instructed that, if they found plaintiff entitled to recover under the survival act, they should include this amount in their verdict. Error is alleged thereon.

In *Kyes* v. *Valley Telephone Co.*, 132 Mich. 281, 284 (13 Am. Neg. Rep. 340), it was said:

"When an action survives, the representatives of the deceased are entitled to recover the same measure of damages that he could have recovered if he had lived to bring his suit to a successful issue."

---

[*] See 3 Comp. Laws 1929, § 14040.—REPORTER.

[†] See 3 Comp. Laws 1929, §§ 14061, 14062.—REPORTER.

This holding was referred to with approval in *Hunter* v. *Village of Ithaca,* 135 Mich. 281, and in *Olivier* v. *Railway Co.,* 138 Mich. 242. Under the rule thus stated, it seems clear that the burial expenses are not recoverable in an action brought under the survival act.

Counsel for the plaintiff call our attention to the recent case of *Bos* v. *Gaudio,* 267 Mich. 517, in which the funeral expenses were included in a verdict rendered under the survival act and, although plaintiff was required to remit a certain amount as a condition precedent to affirmance of the judgment, the charge therefor was not included in the amount to be remitted and was thus allowed to remain as a part of the judgment. It is sufficient to say that the allowance of this item was not questioned in that case; in fact it may well be said that defendant's counsel admitted that if plaintiff was entitled to a verdict it should be included therein.

The defendant was sworn as a witness in his own behalf. He testified.

"I did not know Mr. Hanna before this. I saw him as he was crossing that road. I saw the southerly point to which he got.

"*Q.* What was the southerly point in the pavement that you saw him?"

An objection by plaintiff's counsel that his answer would disclose a fact equally within the knowledge of the deceased was sustained.* We find no error in this ruling. In effect, the defendant was asked how near the deceased had got to the south side of the pavement when he saw him, and the deceased must have been equally informed of his then position.

---

* See 3 Comp. Laws 1929, § 14219.—Reporter.

The defendant, after testifying to the manner in which he handled his car in an effort to avoid a collision with the deceased, was asked:

"Was there anything about his position as he then was and the course he was taking that indicated to you that there was any danger of an impact?"

An objection to this question for the same reason was also sustained. Clearly it was objectionable in that it asked for the conclusion of the witness, based upon the facts to which he had testified. In our opinion neither of these rulings is in conflict with our decisions in *Noonan* v. *Volek,* 246 Mich. 377, and *Lapachin* v. *Standard Oil Co.,* 268 Mich. 477, on which the defendant relies.

Error is assigned upon the instructions to the jury. While certain statements were made and statutes referred to which had no application to the facts presented, the charge, taken as a whole, clearly defined the rights of the parties when upon the highway and the facts which the plaintiff must establish to entitle him to recover.

The judgment entered was for $1,190.49. If the plaintiff will, within ten days after the filing of this opinion, file a remittitur of the sum of $232.80, the judgment should stand affirmed; otherwise it should be set aside and a new trial granted. In either event, the defendant should recover costs.

WIEST, J. The court was in error in excluding the testimony of defendant as to the southerly point where he saw plaintiff's decedent upon the pavement. If he saw him south of the center of the pavement, or at the center line, and apparently proceeding on his way across and into the proper path of

defendant's automobile, it had a direct bearing upon the subsequent acts of defendant, and the question of his negligence.

My Brother's view that such testimony "would disclose a fact equally within the knowledge of the deceased" * overlooks heedlessness, and accepts, as an inference, a degree of awareness which does not always accompany the movements of a pedestrian.

We think *Noonan* v. *Volek*, 246 Mich. 377, 382, in point, and quote therefrom as follows:

"While such is the rule (exclusion of testimony equally within the knowledge of a deceased), its application, in tort actions, is fraught with difficulty in determining what knowledge the deceased had of a particular event, for the bar is not up until it affirmatively appears that the fact, if true, was known to the deceased. * * * Who knows what the deceased knew? * * *

"The court was in error in unconditionally excluding the testimony of defendant in the particular mentioned. The exclusion was based upon an assumption. The testimony was admissible unless the fact asserted, if true, was equally within the knowledge of the deceased. Whether so within his knowledge or not may not be inferred. *Taylor* v. *Taylor's Estate*, 138 Mich. 658. As stated by Judge Perkins in Evidence by Survivor, § 30:

" 'But the testimony and record must show that the fact sought to be established was within his knowledge'—citing *Webster* v. *Sibley*, 72 Mich. 630; *McCain* v. *Smith*, 172 Mich. 1. * * *

"In such case, the testimony should be received and the jury instructed not to give the same consideration if found to have been equally within the knowledge of the deceased. The burden of showing that the fact, if true, was equally within the

* See 3 Comp. Laws 1929, § 14219.—Reporter.

knowledge of the deceased rests with one invoking the prohibition of the statute."

In *Lapachin* v. *Standard Oil Co.*, 268 Mich. 477, we again said:

"The difficulty in this case is to know which, if any, of this testimony was known to the deceased driver. The testimony was admissible unless the facts asserted, if true, were equally within the knowledge of the driver. We may not infer. The burden is upon the one invoking the prohibition of the statute."

. The court also was in error in reading to the jury the statute* requiring drivers to keep on the right side of the pavement, and the presumption of negligence arising if defendant was on the wrong side. The presumption could not be considered by the jury because the facts, claimed by defendant, appeared and the presumption cannot be weighed against the facts.

"The presumption, however, exists only in the absence of evidence, and does not serve at all when the issue of negligence is tried out upon evidence." *Noonan* v. *Volek, supra.*

For these errors we think the judgment should be reversed, with a new trial, and costs to defendant.

POTTER, C. J., and NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with WIEST, J.

---

* See 1 Comp. Laws 1929, § 4703.—REPORTER.