WALKER *v.* McGRAW.

1. Appeal and Error—Denial of Directed Verdict—Evidence.
    On reviewing denial of defendant's motion for directed verdict because of plaintiff's contributory negligence, evidence must be considered in light most favorable to plaintiff's right of recovery.

2. Automobiles—Pedestrians—Use of Streets.
    Motorists and pedestrians have equal rights in the use of public streets and each must use such care while there as the ordinary person would exercise under like circumstances.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PEDESTRIANS—CROSS-
ING STREETS—AUTOMOBILES.

A pedestrian about to cross a street is not guilty of contributory
negligence as a matter of law where he looks down the street
both ways and, having looked and seeing that it appears safe
to cross, proceeds, since his care is not to be determined solely
by the fact he was struck by an automobile and was not at
that second looking at it, but where pedestrian crosses street
and fails to use ordinary care in doing so he is guilty of con-
tributory negligence as a matter of law even if motorist is
guilty of negligence.

4. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUES-
TION OF FACT.

On appeal from denial of motion to direct verdict for defendant
in action under survival act for death of plaintiff's decedent
from injuries received as he was crossing an unlighted village
street about 9:30 p. m. on a clear but dark September night
after he had seen a car approaching at what seemed a mile
away, question of contributory negligence of plaintiff's de-
cedent *held*, question of fact for jury (3 Comp. Laws 1929,
§ 14040).

5. SAME—NEGLIGENCE—EVIDENCE OF RECKLESSNESS.

On appeal from denial of directed verdict for defendant motorist
in action under survival act by administrator of estate of
pedestrian who received fatal injuries while crossing an un-
lighted village street, evidence that defendant was driving his
car in a reckless and negligent manner *held*, sufficient to
justify finding him guilty of negligence charged (3 Comp.
Laws 1929, § 14040).

6. DEATH—DAMAGES—EARNINGS—SUSTENANCE.

In action under survival act by administrator of estate of pedes-
trian who died about a week after being struck by defendant
motorist's car, plaintiff *held*, entitled to recover loss of prob-
able earnings without deduction of any amount for decedent's
personal use and maintenance (3 Comp. Laws 1929, § 14040).

Appeal from Mackinac; Sprague (Victor D.), J.
Submitted January 19, 1937. (Docket No. 71, Cal-
endar No. 39,188.) Decided March 1, 1937.

Case by Alexander Walker, administrator of the
estate of Oscar Lackey, deceased, against John

McGraw for fatal injuries sustained by plaintiff's decedent when he was struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*A. L. Sayles* (*H. J. Rushton,* of counsel), for plaintiff.

*Brown & Fenlon,* for defendant.

SHARPE, J. On the night of September 5, 1933, at about the hour of 9:30 p. m., Oscar Lackey stepped from the sidewalk on the westerly side of US–2 in the unincorporated village of Moran and was struck by an automobile driven by defendant and received injuries causing his death about one week later. This suit was brought by the administrator of Mr. Lackey's estate and resulted in a verdict and judgment against defendant.

The highway upon which the accident occurred is a gravel highway about 48 feet wide and running north and south. The night was clear but dark; there were no traffic lights nor street lights. The car in which Lackey had been riding was parked on the east side of the street facing north with front and rear lights burning. On the west side of the road and opposite to the car in which deceased had been riding was a general store known as Litzner's store. As deceased and wife, together with a little boy, came out of Litzner's store, they stood on a porch about eight inches above the sidewalk; they then passed off of the porch, across the sidewalk and out into the highway. They walked together until they got nearly across the road when Mrs. Lackey saw defendant's car approaching; she and the boy hurried across the street but the oncoming car struck Mr. Lackey, resulting in his death a week

later. The cause was tried before a jury and at the close of the testimony the defendant moved for a directed verdict of no cause of action on the ground that decedent was guilty of contributory negligence as a matter of law. This motion was denied by the trial court. Defendant later made a motion for a new trial and this motion was also denied. Defendant appeals.

It is the claim of plaintiff that as Mr. and Mrs. Lackey and the Carpenter boy came out of the store they stopped and looked both ways and saw one car coming from the south and thought it about one mile away. They talked about this car as they proceeded across the road with Mrs. Lackey in the front, immediately followed by the Carpenter boy, with Mr. Lackey behind the boy; about this time the defendant was driving north in the immediate vicinity at an excessive rate of speed. The defendant's car in attempting to go between the boy, Mrs. Lackey and her husband, struck the boy and Mr. Lackey, throwing the boy 15 feet and Mr. Lackey 45 feet. No horn was sounded and defendant's car traveled between 250 and 300 feet after the accident.

"On reviewing the denial of defendant's motion for a directed verdict because of plaintiff's contributory negligence, the evidence must be considered in the light most favorable to plaintiff's right of recovery." *Arnell* v. *Gordon* (syllabus), 234 Mich. 140.

Under plaintiff's view of the case, decedent before entering upon the street looked towards the north and seeing no car, then looked towards the south and saw a car which appeared to him to be about a mile away; he then, in attempting to cross the street, was struck by defendant's car.

"It is a well-established rule of law that even in the absence of statutory requirements, the operator of a motor vehicle must exercise ordinary, reasonable, or due care toward pedestrians. The drivers of automobiles must share the streets with pedes-, trians, and each person on the highway must so exercise his right to use it as not to injure others and must exercise such caution as an ordinarily prudent person would exercise under like circumstances. In other words, the rights of pedestrians and motor vehicles in a public street are equal, and each is obliged to act with due regard to the movements of the other." 5 Am. Jur., p. 608, § 187.

In *Lefevre* v. *Roberts,* 250 Mich. 675, this court held (syllabus):

"Whether truck driver was guilty of contributory negligence in proceeding to cross trunkline highway in front of approaching automobile 400 feet away, was question for jury, although he made no further observation of the automobile after starting across."

See, also, *Swainston* v. *Kennedy,* 253 Mich. 518.

In *Petersen* v. *Lundin,* 236 Mich. 590, we said:

"There is no rule of law requiring a pedestrian to rivet his eyes on an approaching automobile. He should look but if, having looked, it appears safe to cross, he may proceed, and his care is not to be determined solely by the fact he was struck and was not at that second looking at the automobile."

Defendant relies upon *Molda* v. *Clark,* 236 Mich. 277. In that case plaintiff, a pedestrian, testified to looking but seeing nothing. The court held (syllabus):

"A pedestrian crossing a city street, who was struck and injured by an automobile, which, had she looked, using ordinary care, she could and must

have seen, was guilty of contributory negligence as a matter of law, barring her right to recovery, even if the driver of the automobile was guilty of negligence."

The facts in the case at bar are different from those in the *Molda Case, supra*. In that case plaintiff testified that she did not see a car that, had she looked, she must have seen, while in the instant case plaintiff's decedent saw the oncoming car, but misjudged either its speed or the distance when he first observed it. In view of the testimony in this cause, it was not a question of law to be determined by the judge on a directed verdict, but was a question of fact to be submitted to the jury under proper instructions. There is not much to be said upon the question of defendant's negligence; there was proof that he was driving his car in a reckless and negligent manner and a jury would be justified in finding him guilty of the negligence charged in the declaration.

The only other question involved in this case relates to the method used in determining the amount of damages to be assessed. Defendant contends that the amount for decedent's personal use and maintenance should be deducted in determining the amount to be assessed under the survival act (3 Comp. Laws 1929, § 14040).

In *Olivier* v. *Houghton County Street-Railway Co.*, 138 Mich. 242, we said:

"The trial judge correctly interpreted and applied the decision of this court given on the former hearing of this case, 134 Mich. 367 (104 Am. St. Rep. 607, 3 Ann. Cas. 53). In that case it was held that the plaintiff might recover for the loss of earnings which the evidence fairly shows that deceased

would have made during the period which he would have lived, but for the injury."

See, also, *Davis* v. *Railroad Co.*, 147 Mich. 479; *Love* v. *Railroad Co.*, 170 Mich. 1; *Gates* v. *Beebe*, 170 Mich. 107; *Hanna* v. *McClave*, 271 Mich. 133; *Spillman* v. *Weimaster*, 275 Mich. 93.

The judgment is affirmed. Plaintiff may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, POTTER, and CHANDLER, JJ., concurred.