## MADYCK *v.* SHELLEY.

1. EVIDENCE—REBUTTABLE PRESUMPTIONS.

   A rebuttable or *prima facie* presumption has no weight as evidence but if challenged the presumption cannot be weighed against the evidence and supporting evidence must be introduced.

2. DEATH—CRASH OF AIRPLANE WITH EXPERIENCED FLYERS AT DUAL CONTROLS—EVIDENCE—PILOTS.

   In action under survival act by special administratrix of estate of one experienced flyer against administrator of estate of another, killed in crash of airplane whose dual controls were found connected after the crash and in perfect working order, that defendant's decedent was in front cockpit, was a member of club which owned the plane and had sole right to fly it and was charged with the flying time and plaintiff's decedent was not a member of the club and without authority to fly the plane *held*, insufficient to establish fact that defendant's decedent was pilot of the plane and solely responsible for the fatal crash (3 Comp. Laws 1929, § 14040).

3. AVIATION—AIRPLANE CRASH—DUAL CONTROLS—BURDEN OF ESTABLISHING WHO WAS PILOT.

   In action under survival act by special administratrix of estate of one experienced flyer against administrator of estate of another at controls of dually controllable airplane, plaintiff has burden of establishing fact that defendant's decedent had control of plane at time of fatal crash (3 Comp. Laws 1929, § 14040).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 14, 1938. (Docket No. 81, Calendar No. 39,844.) Decided February 25, 1938.

Irene Madyck, special administratrix of the estate of William Madyck, deceased, presented her claim against the estate of Leo F. Hickey, alias John O'Neill, deceased, for damages for personal injuries causing death of plaintiff's decedent as the result of an airplane crash. Claude D. Shelley, administrator of the defendant estate, objected thereto. From denial of claim in probate court, plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Samuel W. Patterson* and *Elmer H. Groefsema,* for plaintiff.

*Geo. J. Schmeman (John A. Hamilton,* of counsel), for defendant.

SHARPE, J. This is an action under the survival act, 3 Comp. Laws 1929, § 14040, growing out of the injury and death of plaintiff's decedent while in an airplane on the 26th day of April, 1936. A claim was presented to the commissioners on claims appointed by the probate judge of Wayne county in the estate of Leo F. Hickey, deceased. An appeal was taken to the circuit court from the determination of the commissioners, and upon a trial without a jury, plaintiff recovered judgment. Defendant appeals.

It appears from the record that the Michigan Aero Club, a corporation, located in Detroit, Michigan, was the owner of an airplane described as a Fleet biplane; that Leo F. Hickey held a private pilot's license, had been flying aircraft for approximately five years, and was a member of the Michigan Aero Club; and that William Madyck, plaintiff's decedent, owned a private plane which he kept at the city airport, held a mechanic's license, was em-

ployed as a skilled aircraft mechanic with the Central Airlines at the city airport, and was elected an honorary member of the Michigan Aero Club in 1933, although he was never known to fly any plane of the club after the year 1934.

A history of the airplane on the day in question shows that Arthur Torby, a licensed pilot and an officer of the club, made a flight in the plane at about 4 p. m.   When he returned from the flight, the dual controls in the plane were not connected.   After Torby used the plane, a flight was made by Hickey, after which a man by the name of Hardesty took the plane for a flight and returned to the airport. Hickey then made application for the use of the plane and he and Madyck took off.   At the time the plane was released to Hickey there was sufficient gasoline to fly safely for two hours.   After flying for some time the plane crashed.   At the time the plane crashed, parachutes were found strapped to the backs of both Madyck and Hickey, the dual controls were connected, and a stick was present in the rear cockpit.   The plane with the dual controls connected could be operated equally well from the front or rear cockpit although an experienced pilot would usually operate the plane from the front cockpit.   After the plane crashed, Hickey was found in the front cockpit and Madyck was in the rear cockpit; the motor was torn loose from the fuselage, one of the wings was rolled up and the gasoline tank was torn completely out of the wing.

It is the claim of appellant that there was no definite proof as to who was piloting the plane at the time of the crash; that plaintiff's decedent assumed the risk and is therefore guilty of contributory negligence; and that there can be no recovery as the legal relationship between the two pilots was

one of joint venture. The plaintiff contends that the proofs show that Hickey was the pilot of the plane at the time of the crash; that the negligent manner in which the plane was flown was the proximate cause of the crash; and that plaintiff's decedent was presumed to have been in the exercise of due care.

The primary question involved in this cause is to determine who was the pilot of the plane at the time of the crash, as in any event plaintiff cannot recover unless it is established that Hickey was the pilot in control of the plane when the crash occurred. Plaintiff claims there is a presumption that Hickey was pilot which is based upon her contention that Hickey was part owner of the plane by reason of his membership in the club; that he had the sole right to fly the plane, was charged with the flying time, was an experienced pilot and occupied the front cockpit; and that Madyck, not being a member of the club, was without authority to fly the plane.

It is undisputed that there were no eyewitnesses to testify as to who was flying the machine at the time of the crash. Plaintiff depends in a large measure upon presumptions. The defendant was able to show that Madyck was an experienced flyer with an amateur license issued by the United States government; that after the crash the dual controls were connected and in perfect working order; and that while the plane was in the air, either or both pilots engaged in "stunt" flying.

The rule as to presumptions may be found in *Gillette* v. *Michigan United Traction Co.,* 205 Mich. 410:

"It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima*

*facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself."

See, also, *Hanna* v. *McClave,* 271 Mich. 133; *Patt* v. *Dilley,* 273 Mich. 601.

We think the facts established by defendant were sufficient to rebut the presumption relied upon by plaintiff. We have read the record carefully and fail to find sufficient proof therein to establish the fact that defendant's decedent was the pilot of the plane. The burden of proof to establish this fact was upon plaintiff. *Lendberg* v. *Brotherton Iron Mining Co.,* 75 Mich. 84. At most it is only conjecture to say that either pilot had control of the plane at the time of the accident. Judgments may not find a landing place in the field of conjecture alone. In view of our decision in this matter, it will not be necessary to discuss the other questions involved.

The judgment of the trial court is reversed, without a new trial. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.