## Lutge, Admx., v. Rosin et al.

*Francis M. McAdams*, for plaintiff.

*Robert C. Duffy* and *Swartz, Campbell & Henry*, for defendants.

OLIVER, P. J., March 14, 1938.—On April 15, 1937, the decedent, while a passenger in an automobile owned and operated by John T. Fegley, was injured when Fegley's car collided with an automobile driven by defendant. On October 15, 1937, an action in trespass was instituted by decedent against defendant. Following her death, on November 14, 1937, her administratrix c. t. a. was substituted as plaintiff. On January 19, 1938, defendant caused to be issued a writ of scire facias to join John T. Fegley as additional defendant on the ground that he is "alone liable to plaintiff for the cause of action declared on in said suit". The additional defendant filed a petition to quash the writ of scire facias.

We are asked to quash the writ upon four grounds, which may be summarized as follows: Since the writ alleges that the additional defendant is alone liable, the effect of the writ is the same as though the present plaintiff were instituting suit against the additional defendant at this time. The action, being one for personal injuries, could not have been instituted by the present plaintiff, administratrix c. t. a. of the original plaintiff, since actions for personal injuries do not survive to the executor or administrator of the injured party in this State. Therefore, the same result cannot be attained by the circuitous method of a writ of scire facias.

In answer to the contention that this scire facias is equivalent to the institution of suit by the administratrix, the original defendant quotes at length from the Scire Facias Act of April 10, 1929, P. L. 479, as amended by the Act of June 25, 1937, P. L. 2118. The quoted passages do show that the scire facias is to be considered as a continuation of the original action and not as a new suit. However, this does not negative the contention that it may operate in the same way and have the same effect as though plaintiff had instituted a new suit. Thus:

". . . plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff". Again, the act says, "with the same force and effect as if such other had been originally sued". It should be noted that the phrase, "originally sued", does not necessarily mean, "originally sued at the time when the present action was commenced", but that it may merely mean, "sued *directly* by the plaintiff at the time when the sci. fa. issued." Under the wording of the act, therefore, it is not necessarily true that, where a plaintiff is by law barred from suing another person, that other person may be placed in the position of defending a suit by such plaintiff by means of a scire facias alleging sole liability. On the contrary, the opposite view has on several occasions been sustained by our Supreme Court.

Thus, where defendant avers sole liability of the additional defendant and the plaintiff is barred by the statute of limitations from suing the additional defendant, the scire facias may not issue: Shaw et al. v. Megargee et al., 307 Pa. 447 (1932); Bowers v. Gladstein et al., 317 Pa. 520 (1935); Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486 (1936). Similarly, if plaintiff is barred from suing his employer in negligence as a result of the provisions of The Workmen's Compensation Act of June 2, 1915, P. L. 736, scire facias may not issue to the employer on an allegation that he is alone liable: Jackson v. Gleason

et al., 320 Pa. 545 (1936). It follows that, if the present plaintiff is barred from bringing this action against additional defendant, this writ must be quashed.

Whether the present plaintiff is thus barred depends upon whether the recent amendment to the Fiduciaries Act of June 7, 1917, P. L. 447, approved July 2, 1937, P. L. 2755, applies to this case. Prior to that amendment, the common-law rule that actions for personal injuries do not survive to the executor or administrator of the deceased was in force in this State. A provision for such survival in the Act of 1917, supra, sec. 35($b$), had been held unconstitutional on the sole ground that it was not clearly referred to in the title of that act, as required by article III, sec. 3, of the State Constitution: Strain, Admr., v. Kern, 277 Pa. 209 (1923). But the 1937 amendment changes the title of the earlier act to include, "the survival of causes of action and suits thereupon by or against fiduciaries", and reënacts section 35($b$) as follows:

"Executors or administrators shall have power, either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced . . . except actions for slander and for libels".

This amendment was in force at the time of the institution of this suit, at the time of the deceased's death, and at the time of the appointment of the present administratrix c. t. a.

That the cause of action arose prior to the passage of the amendment in no way affects its application in determining the legal consequences of the death of the deceased. These consequences took place after the passage of the amendment and when it was in full force. It, therefore, cannot properly be said that to so apply the amendment is to give it retroactive effect. The amendment created no new liability on the part of the additional de-

fendant. It merely prevented the future extinguishment of a liability which was already in existence. Unless we are to say that the mere possibility that the deceased might die, and thus extinguish his cause of action, amounted to a vested right in the additional defendant, there can be no valid objection to the present application of the 1937 amendment. When a similar situation arose under the New York survival statute, it was decided that the law in force at the time of the decedent's death should apply, and not that which was in effect when the cause of action arose:

"When the defendant died, in 1910, it for the first time became necessary to determine whether the cause of action survived, and this question is very properly determined by reference to the statute in force at that date": Gorlitzer v. Wolffberg, 208 N. Y. 475 (1913).

Having determined that, at the time of the issuance of this scire facias plaintiff could have directly sued the additional defendant for personal injuries to the deceased, it follows that the scire facias was properly issued and that the present motion must be denied.

The motion of the additional defendant to quash the writ of scire facias is therefore overruled.

### Supplemental opinion

OLIVER, P. J., April 14, 1938.—There are two types of statutes generally used to remedy the old common-law rule that an action for personal injuries, or a cause of action for personal injuries, dies with the death of the person injured. The first is the Death Act of April 15, 1851, P. L. 669, modeled after Lord Campbell's Act in England, August 26, 1846, 18 Eng. Stat. at L. 291, which creates in certain named relatives of the deceased a cause of action for the damages which *they* sustain by reason of his death. Naturally, the damages recoverable in this action are for such items as loss of services, funeral ex-

penses, etc., and there can be no recovery for the pain and suffering of the deceased.

The second type of statute is known as a survival statute. It provides that the personal representatives of the person injured may: (1) Continue an action for personal injuries which deceased has already instituted; or (2) institute an action for deceased's injuries based on the cause of action which decedent had and which *survives* to the personal representatives. Obviously, this is not a new cause of action but simply a survival of the cause of action which the deceased already had. It follows that the damages recoverable are no different from those which the decedent himself could have recovered had he lived to bring the action, and so the courts have universally held, in absence of an express statutory provision that a different measure of damages be substituted. See Kyes v. Valley Telephone Co., 132 Mich. 281; Olivier v. Houghton County Street-Ry. Co., 134 Mich. 367.

Until the last session of the Pennsylvania legislature, this State had a death act, and an act providing for the survival of *actions:* Fidicuaries Act of June 7, 1917, P. L. 447, sec. 35 (*a*) ; but there was no provision for the survival of *causes of action,* since this section of the Fiduciaries Act, supra, had been declared unconstitutional. However, as pointed out in the previous opinion in this case, this unconstitutionality was cured by the Act of July 2, 1937, P. L. ʼ2755, sec. 2. Thus we now have both a death act and a survival statute in Pennsylvania.

As pointed out in the earlier opinion, the only ground for refusing to quash this scire facias is that additional defendant may properly be sued under the recent Survival Statute. It is conceded that he is immune from suit under the Death Act by the express terms of section 19, since the deceased had instituted suit during his lifetime. This being a suit under the Survival Statute, the measure of damages allowed under the Death Act cannot possibly have any bearing in this suit. The authorities cited by additional defendant conclusively prove that, while dam-

ages under the Death Act may include only loss of services, etc., and not pain and suffering, damages recovered in a personal representative's action continuing an action brought by the deceased may include all damages suffered by the deceased, including pain and suffering. To contend that some distinction should be made between the damages that the personal representative may recover where the *action* survives to him and where the *cause of action* survives to him, and that in the latter case the Death Act measure of damages should apply, is to ignore the essential difference between the Death Act and the Survival Statute.

A reconsideration of our previous refusal to quash the writ of scire facias in this case has been sought upon the further ground that the scire facias is not justified by the recent amendment to the Fiduciaries Act of 1937, supra, providing for the survival of causes of action for personal injuries, since that amendment was intended to apply only in cases where the deceased did not die as a result of the injuries sued upon. The additional defendant contends that, in view of the amendment to the Death Act, passed at the same session of the legislature, allowing the personal representatives of the deceased to recover in an action for wrongful death certain specified damages, where none of the relatives entitled to bring such an action survives (Act of April 1, 1937, P. L. 196) the present action against the additional defendant must be under the Death Act as amended, and not under the amendment to the Fiduciaries Act. He further contends that, since the measure of damages in such action under the Death Act would be different from the measure of damages in the action brought by decedent against the original defendant, an anomalous situation has resulted from our refusal to quash, which could not have been intended by the legislature.

If, as maintained, the survival statute does not apply in this case, it would be improper to allow the additional defendant to be brought into the case by scire facias. The

original action was not an action for wrongful death, but a direct suit by the injured party to recover damages for her injuries.

Therefore, the answer to the sole question now before us depends upon the interpretation of the statute providing for survival of causes of action. The relevant words of the Fiduciaries Act as amended are as follows:

"Executors or administrators shall have power . . . to commence and prosecute . . . *all* personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels".

We are asked by additional defendant to interpret these words to mean "all actions which the decedent whom they represent might have commenced and prosecuted, providing that the decedent did not die as a result of the injuries sued upon." In order to do so we are, in effect, requested to amend the clear words of the statute by a process of judicial interpretation, apparently on the theory that the legislature could not possibly have meant what it said, despite the fact that the legislature could readily have inserted such an exception in the amendment had it so desired.

This disregard of the words of the statute is urged upon us because of the fact that the legislature has also provided for an action for wrongful death in cases where the deceased dies as a result of the injuries sued upon, which action can be brought by the personal representative where certain specified relatives have not survived. We are asked to hold that it is so inconceivable that there could be two coexisting rights of action, one under the Survival Statute and the other under the Death Act, that the legislature could not have intended such to be the case. And yet in 22 States the legislatures have provided both for survival of causes of action and for actions for wrongful death. These States are: Alabama, Arizona, Arkansas, Illinois, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Mississippi, Montana, New

Jersey, Ohio, Oklahoma, Rhode Island, North Carolina, South Carolina, Texas, Washington, and Wisconsin. See note, 44 Harv. L. R. 980, 981, footnote 23, for statutory references. Both types of recovery have also been provided for in the Federal Employers' Liability Act. See St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U. S. 648 (1915).

Of these 22 States, only four have construed their two acts in accordance with the interpretation here urged: Bruce v. Collier, 221 Ala. 22, 127 So. 553; Holton v. Daly, Admx., etc., 106 Ill. 131 (1882) ; Lubrano, Admr., v. Atlantic Mills, 19 R. I. 129 (1895) ; McCarthy, Admr., v. Chicago, Rock Island & Pacific R. R. Co., 18 Kan. 46, 52 (1877) (obiter dictum). A contention very similar to the present one was expressly rejected in connection with the North Carolina statutes in James Baird Co., Inc., v. Boyd, 41 F.(2d) 578 (C. C. A. 4th, 1930). In nine States both recoveries have been allowed: Brennan, Admr., v. Standard Oil Co. of N. Y., 187 Mass. 376 (1905) ; Hamel v. Southern Ry. Co., 108 Miss. 172 (1914) ; The Mahoning Valley Ry. Co. v. Van Alstine, Admr., 77 Ohio St. 395 (1908) ; St. Louis & San Francisco R. R. Co. v. Goode, Admx., 42 Okla. 784 (1914) ; Belding v. Black Hills & Fort Pierre R. R. Co., 3 S. D. 369 (1892) ; Machek v. The City of Seattle, 118 Wash. 42 (1921) ; Koehler, Admr., v. Waukesha Milk Co., 190 Wis. 52 (1926) ; Stewart, Admr., v. The United Electric Light & Power Co. et al., 104 Md. 332 (1906) ; La. Rev. State. Ann. (Marr. 1915) 885. In Kentucky an election of remedies has been required: Chesapeake & Ohio Ry. Co. v. Banks, Admr., 142 Ky. 746 (1911). In two States the death acts have been interpreted to apply only to cases of instantaneous death: Dolson v. Lake Shore & Michigan Southern Ry. Co., 128 Mich. 444 (1901) ; Sawyer, Admx., v. Perry et al., 88 Me. 42 (1895).

The question is not presented in this case as to whether both a suit under the Survival Act and a suit under the Death Act may be maintained for the same tort. The sole

issue is whether we are to adopt the minority view indicated above, and limit the operation of the Pennsylvania Survival Statute to those cases where the Death Act is not applicable, namely, where the deceased died from causes other than the injuries sued upon. In view of the overwhelming weight of authority in other States, and of the clear words of the Survival Statute in our own, such a limitation does not seem to be legally justified. There is no clear conflict between the amendment providing for suit under the Death Act by the administrator where the eligible relatives are deceased and the provision for the survival of all personal actions contained in the amendment to the Fiduciaries Act. It is possible, and indeed it seems evident, that the legislature intended to provide for two causes of action to be brought in certain situations by the personal representative, even though it is doubtful whether the same damages could be recovered in both suits. However, if there is a conflict to the extent that only one of the above actions may be brought for a given tort, that conflict must be resolved in favor of the amendment providing for survival, under the rules of statutory interpretation laid down in the recent Statutory Construction Act of May 28, 1937, P. L. 1019. Section 65 of that act provides as follows:

"Whenever the provisions of two or more laws passed during the same session of the Legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective".

Since the amendment to the Death Act was enacted on April 1, 1937, and the amendment to the Fiduciaries Act was enacted on July 2, 1937, clearly any suggested conflict must be resolved in favor of the latter. The amendment to the Death Act became effective immediately upon final enactment. The amendment to the Fiduciaries Act became effective September 1, 1937.

Thus, the cause of action, if any, which the deceased had, survives as against the additional defendant, who

has been subjected to suit upon it by way of the writ of scire facias alleging sole liability. It follows that the measure of damages as applied to him must be the same as that as applied to the original defendant, namely, the damages which the deceased could have recovered if she had lived to bring the action. Both the action against original defendant and that against additional defendant are authorized by the same section of the Fiduciaries Act (section 35, the 1937 act being an amendment to that section). There is no indication in the act, nor has any authority been discovered to the effect, that a different measure of damages is to be applied in the one type of suit than in the other. Accordingly, we see no valid objection to the writ of scire facias joining the additional defendant.