WICKETT v. DETROIT UNITED RAILWAY.

STREET RAILWAYS—NEGLIGENCE — PERSONAL INJURIES — CROSSING ACCIDENT—QUESTION FOR JURY.

In an action for personal injuries to a boy four years of age caused by a collision between the automobile in which he was riding and one of defendant's street cars at a street intersection, testimony supporting plaintiff's allegations that the street car was operated at a negligent rate of speed over and across the intersection, and that the motorman failed to give warning of his approach, *held*, sufficient to make it incumbent upon the trial court to submit the case to the jury, under proper instructions; no question being raised as to plaintiff's contributory negligence on account of his age.

Error to Wayne; Jayne (Ira W.), J. Submitted January 4, 1922. (Docket No. 23.) Decided June 5, 1922.

Case by Morley R. Wickett, an infant, by his next friend, against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall*, for appellant.
*Sibley, Armstrong & Mead*, for appellee.

BIRD, J. Morley R. Wickett, a boy 4 years of age, was riding in a closed automobile · driven by his mother, in a westerly course on Jefferson avenue in the city of Detroit. It was a wet day and about 3 o'clock in the afternoon. In driving she followed a train of two street cars going in a westerly direction. When the Jefferson street cars stopped she would stop, and when they started she would start, and in this

On the question as to whether operating street car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence, see note in 8 L. R. A. (N. S.) 1093.

On evidence as to speed of street cars generally, see note in 34 L. R. A. (N. S.) 784.

way she followed the train for several blocks. When the street cars stopped at the intersection of Jefferson and Chene streets plaintiff's mother stopped her car. When the street cars started she started her automobile, but before she could cross the intersection a Chene street car going rapidly in a northerly direction passed in front of her so quickly that she was unable to stop her car and a collision occurred which threw plaintiff out of the car and seriously injured him. In the trial court a verdict was rendered by the jury in behalf of the plaintiff.

Counsel complain because the trial court refused to direct a verdict for the defendant on the ground that no actionable negligence was shown upon the part of the defendant. The declaration charges that the Chene street car was operated at a negligent rate of speed over and across the intersection, and the testimony of the boy's mother tends to support this allegation. She testified:

"I came down Jefferson about 3 o'clock in the afternoon coming down town. I followed the Jefferson street car for about four blocks. It was a wet day, and when I came to the corner of Jefferson and Chene street I stopped when the Jefferson street car stopped; it was a double car and I was at the rear end. When the Jefferson street car moved I moved, but the Jefferson car went past it, and just as I got to the Chene street crossing, the Jefferson car going first—just enough to clear the track, the Chene street car dashed right in front of me. I did not even try to stop the car because I did not see it. I struck the Chene street car at the front end of the car. The whole car was smashed."

It was clearly the duty of the motorman operating the Chene street car to use reasonable care in operating his car over and across the intersection so as to avoid collisions with the passing traffic on Jefferson avenue. It is plaintiff's claim that the Chene motorman was farther away from the Jefferson cars than

the automobile was and, therefore, the motorman could see the automobile much easier than the driver of the auto could see the Chene car.  This was due to the fact that the auto was behind and a little to the north of the Jefferson cars.  It was not until the Jefferson cars moved away and increased the distance between them that the driver could see to the south.  When this occurred it was too late to avoid a collision under plaintiff's claim.  The questions of speed and the failure of the motorman to give warning of his approach were also questions for the jury. These respective questions as to the care which the Chene motorman exercised involved questions of fact which are not within our province to decide.  They were properly submitted to the jury.

No question is raised as to the contributory negligence of the plaintiff on account of his tender years. We are of the opinion that while the testimony is somewhat meager as to the negligence of the defendant there was sufficient to make it incumbent upon the part of the trial court to submit it to the jury.  The trial court was in no error in refusing to set aside the verdict.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.