PATT *v.* DILLEY.

1. AUTOMOBILES—STRIKING CAR FROM REAR—NEGLIGENCE—QUESTION FOR JURY—EMERGENCY.

In action against motorist whose car came up from behind to rear of parked car near which plaintiff was standing and inflicted injuries necessitating amputation of his leg, negligence of defendant *held,* question of fact for jury under evidence by defendant tending to show an emergency.

2. SAME — INSTRUCTIONS — QUESTION FOR JURY — CLEAR DISTANCE AHEAD.

Instruction that defendant motorist should have so driven his car as to have been able to stop within range of vision which included car parked at proper side of highway so as not to injure plaintiff *held,* inapplicable to case where defendant

had seen parked car and had a clear distance ahead thereto before being blinded by lights of oncoming car and after it had passed injured plaintiff whose position with respect to parked car was in dispute, since the question as to when defendant should have seen plaintiff was one for jury (1 Comp. Laws 1929, § 4697).

3. SAME—INSTRUCTIONS—STRIKING CAR FROM REAR—NEGLIGENCE—PRESUMPTIONS—EVIDENCE.

Instruction that statute provided that motorist whose car struck rear of another car lawfully parked on highway was *prima facie* guilty of negligence *held*, error in case where facts were presented from which jury could determine whether such a motorist was guilty of negligence (1 Comp. Laws 1929, § 4788).

4. NEGLIGENCE—RES IPSA LOQUITUR—STRIKING AUTOMOBILE FROM REAR—STATUTES.

Statute providing that motorist whose car overtakes and strikes another vehicle in rear while latter is proceeding in same direction or lawfully parked on highway shall be deemed *prima facie* guilty of negligence *held*, not an adoption of rule of *res ipsa loquitur* which is not recognized in this State (1 Comp. Laws 1929, § 4788).

5. EVIDENCE—AUTOMOBILES—STRIKING CAR FROM REAR—PRESUMPTION OF NEGLIGENCE.

Only in the absence of testimony relative to the facts may statutory presumption of negligence of motorist in overtaking car be employed in case arising from collision of such car with rear end of car lawfully parked on highway (1 Comp. Laws 1929, § 4788).

6. SAME—STRIKING CAR FROM REAR—WHEN STATUTORY PRESUMPTION OF NEGLIGENCE IS INAPPLICABLE.

When facts are disclosed, or in issue under testimony, it is error to consider statutory presumption as to negligence of operator of car overtaking and striking rear end of parked car as evidence of negligence and place burden on such motorist to rebut the presumption (1 Comp. Laws 1929, § 4788).

7. SAME—PRESUMPTIONS.

Presumptions disappear when the facts appear and cannot be weighed against evidence, no matter how contradictory the evidence may be; and facts appear when evidence is introduced from which they may be found.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.   Submitted October 25, 1935.   (Docket No. 82, Calendar No. 38,591.)   Decided December 10, 1935.

Case by Louis J. Patt against Otis V. Dilley for personal injuries sustained when hit by defendant's automobile.   Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Rodgers & Dunn,* for defendant.

WIEST, J.   While plaintiff was riding in the automobile of a friend in the city of Grand Rapids the evening of New Year's day, 1935, another automobile sideswiped the car and caused a blow-out of the left front tire.   While the car was parked at the proper side of the street and plaintiff was at the rear thereof to obtain the spare tire, defendant's car came up and, it is claimed, pinned his left leg between the bumpers of the two cars, almost severing the limb and occasioning subsequent amputation. While taking plaintiff to the hospital defendant's car had a head-on collision with another car and plaintiff was thrown to the pavement and suffered a fractured skull.   The action at bar was brought to recover damages for the injuries inflicted to the leg.   Plaintiff, upon trial by jury, had verdict and judgment and defendant prosecutes review upon alleged erroneous instructions to the jury.

Counsel for plaintiff, without conceding errors in the instructions, contend that, under defendant's own testimony he was guilty of negligence as a matter of law, so requested the court to charge the

jury and, therefore, the judgment should be affirmed regardless of errors, if any, in the instructions, citing 3 Comp. Laws 1929, § 15518, and our holding in *Cothran* v. *Benjamin Cleenewerck & Son,* 235 Mich. 351.

Defendant's testimony was not a confession of negligence in fact nor in point of law but raised the issue of reasonable care and presented facts involving the emergency doctrine. Defendant saw the parked car when about 150 to 175 feet away, and at that point he also observed the lights of a car approaching in front, took his foot off the accelerator, let his car free-wheel toward the curb. The approaching car passed when he was about 75 feet from the parked car. When it passed, he swung to get back to the center of the street and, when no longer blinded by the light of the approaching car, he saw a dark object three or four feet ahead of his car, which proved to be plaintiff, and he applied the brakes and the application turned the course of the car from clearing the object. At that time the speed of his car was about 8 or 10 miles per hour. The position of plaintiff upon the road, whether immediately back of the car or a few feet from it or at the rear corner thereof, was in dispute.

We think the question of defendant's negligence was one of fact for the jury. This brings us to the instructions complained of.

The court instructed the jury as follows:

"It is negligence for a person to drive an automobile at night at such a speed that it cannot be stopped in a distance that objects can be seen ahead. It does not excuse a driver who alleges that he was blinded by the lights of an approaching car. If his vision is thus obscured, it is his duty to slacken his speed and have his car under such control that he

can stop it immediately, if necessary. It is not enough that he begins to stop within the range of his vision, or that he use efforts to try to stop after discovering an object, because the law makes no allowance for delay in action. It is his duty so to drive that he can and will discover and see—and in this case see the plaintiff, and to do the things necessary to stop, and to stop the car within the range of that vision and without inflicting injury or damage." *

This instruction was an erroneous application of the rule of safety mentioned in *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528). When defendant's eyes were blinded by the oncoming car, he had seen the parked car and had a clear distance ahead to the parked car unless, and the fact was in dispute, plaintiff was in behind the parked car. If plaintiff was not there before defendant was blinded, then the question of when defendant should have seen him was a matter of fact for the jury.

The court was in error in giving the following instruction:

"It is further provided by statute,† by law in this State, that in any action, in any court in this State, when it is shown by competent evidence, that a vehicle traveling in a certain direction overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, the driver or operator of such first mentioned vehicle shall be deemed *prima facie* guilty of negligence.

"Now the meaning of that, that he shall be deemed *prima facie* guilty of negligence, is that the collision itself is evidence of negligence on the part of such a driver. But that may be refuted, it may be re-

---

* See 1 Comp. Laws 1929, § 4697.—REPORTER.

† See 1 Comp. Laws 1929, § 4788.—REPORTER.

butted by other evidence introduced or offered in the case, and it is only evidence of negligence.''

The *prima facie* presumption could not be considered by the jury as any evidence of negligence because the facts appeared and the presumption could not be weighed or considered at all against the facts. *Hanna* v. *McClave,* 271 Mich. 133.

The statute mentioned in the instruction does not adopt the rule, not recognized in this State, of *res ipsa loquitur.* Only in the absence of testimony relative to the facts may the presumption be employed. When the facts are disclosed, or in issue under testimony, it is error to consider the presumption as evidence of negligence and place the burden on defendant to rebut the presumption.

Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence for they fade out in the light of evidence, no matter how contradictory the evidence.

The question of want of care on the part of defendant was one of fact and not of presumption.

For the errors pointed out the judgment is reversed and a new trial granted, with costs to defendant.

Potter, C. J., and Toy, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.