ESSMEISTER *v.* ROADWAY TRANSIT CO.

1. AUTOMOBILES — PHYSICAL FACTS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

In action and cross-action between owner of tractor and semi-trailer and owner of truck and trailer for damages sustained in head-on collision before daylight causing both units to "jack-knife," physical facts appearing after accident and as testified to by plaintiff's witnesses, while raising a question of fact, *held*, sufficient to justify finding by jury that defendant's driver, now deceased, was negligent and that plaintiff's driver was free from contributory negligence.

2. APPEAL AND ERROR — QUESTIONS REVIEWABLE — WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Propriety of exclusion of testimony by driver of plaintiff's truck which had collided head-on with defendant's truck on ground that defendant's driver, the only other eyewitness, was dead and that such evidence as to manner in which accident happened was equally within knowledge of deceased is not reviewed in the absence of cross-appeal from verdict and judgment for plaintiff (3 Comp. Laws 1929, § 14219).

3. AUTOMOBILES — DEATH — PRESUMPTION OF DUE CARE — EVIDENCE — PHYSICAL FACTS.

In action and cross-action for damages arising out of head-on collision between two trucks, presumption that defendant's truck driver, now deceased, was then exercising due care *held*, overcome by showing of physical facts after the accident coupled with testimony of plaintiff's driver as to which no objection was made that accident happened while he was on his right side of the highway.

4. DEATH — PRESUMPTION OF DUE CARE — EVIDENCE.

Presumption of due care on part of deceased exists only in absence of evidence and cannot be weighed against facts.

5. EVIDENCE — PRESUMPTIONS.

Presumptions disappear when the facts appear and cannot be weighed against evidence, no matter how contradictory the evidence may be; and facts appear when evidence is introduced from which they may be found.

Appeal from Branch; Jacobs (Theo T.), J. Submitted January 17, 1936. (Docket No. 107, Calendar No. 38,786.) Decided April 6, 1936.

Case by Frank L. Essmeister against Roadway Transit Company, a Michigan corporation, for damages sustained in a collision between two trucks. Cross-declaration by defendant against plaintiff and Vernon Gilling. Dismissed as to cross-defendant Gilling. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dwight Britton,* for plaintiff.

*Bisbee, McKone, Wilson, King & Kendall,* and *Cowell & Frankhauser,* for defendant.

TOY, J. Before daylight on the morning of April 10, 1934, the tractor and semi-trailer of plaintiff collided with the truck train of defendant, composed of a truck and four-wheel trailer, on the 18-foot paved highway, known as US–112, at a place east of the west Branch county line, near the city of Sturgis.

At the time of collision, one Vernon Gilling, plaintiff's employee, was driving plaintiff's tractor unit in a westerly direction, plaintiff being with him, but asleep in a bunk at the rear of the driving compartment, and one Harry Niedzielski, defendant's employee, was driving defendant's unit in an easterly direction. As a result of the collision, the tractors of both units "jack-knifed" to the south of the highway and were completely demolished; the driver of defendant's truck was injured and as a result he died a few hours later; the trailers of both parties were damaged; and the plaintiff was hurled through the top of his tractor cab with resultant injuries.

Plaintiff filed his declaration against defendant for damages, claiming as negligence of the defendant the alleged operation of defendant's truck unit on the wrong (north) side of the highway. Defendant answered denying the alleged negligence and filed a cross-declaration alleging that plaintiff negligently operated his truck unit on the wrong (south) side of the highway. Jury trial was had in the circuit. At the close of plaintiff's proofs, defendant moved for a directed verdict for the stated reason that there was no ''competent evidence as to the way in which the accident occurred.'' This motion was denied. Defendant then produced witnesses in its defense, followed by rebuttal testimony on behalf of plaintiff. The jury returned a verdict for plaintiff in the amount of $1,076, and judgment was entered thereon. Defendant made a motion for new trial which was denied, whereupon it appealed to this court.

The question before us on appeal is summarized by defendant, in substance, as being whether there was ''sufficient evidence to warrant the court in submitting the question of defendant's negligence to the jury.''

An examination of the record leads us to the conclusion that the physical facts appearing after the accident and as testified to by plaintiff's witnesses, while raising a question of fact, were sufficient, if believed by the jury, to stamp defendant's driver as negligent and to free plaintiff's driver of contributory negligence. Briefly stated, the physical facts appearing after the accident are shown by the record to be, in substance, as follows: Both tractors of the respective trailer units were practically off the south portion of the highway, both facing in a southerly direction; the four-wheel trailer of de-

fendant, containing a heavy load, was almost entirely on the north half of the highway, with its left rear wheel at the extreme north edge of the pavement, and with no skid marks indicating any sidewise motion; the position of plaintiff's semi-trailer, which was overturned, when righted, placed the wheels thereof on the north side of the pavement; the head lights of defendant's tractor were imbedded in the radiator of plaintiff's tractor; marks on the pavement, as stated by plaintiff's witness Kaehr, who was present at the scene of the accident shortly thereafter, and who testified as follows:

"*Q.* Now did you see any marks in the pavement there made by these trucks to tell where they were when they came together?

"*A.* Yes, you can tell plain.

"*Q.* Where was it they came together?

"*A.* On the north side.

"*Q.* North side of the center line?

"*A.* Yes, sir."

To the foregoing was added the testimony of plaintiff's witness Pinney, a garage mechanic of 20 years' experience, who had experience in handling wrecked trucks, who viewed the trailer units after the accident, and who, after being shown exhibits 1, 2 and 3, the photographs of the trailer units as they appeared after the collision, testified:

"With reference to the tendency to jack-knife when two trucks come together that have trailers or semi-trailers, the front of the tractor would move out and the trailer would follow through in the position that it was traveling in. I don't remember seeing any trailers swing around after the jack-knife effect. * * *

"Based only on my observation of the position of the rear units—the trailer and semi-trailer—I

would say that these units were in the approximate position in which they were prior to the collision and that the truck and tractor had both swung to the south after the collision and the back units had remained in the approximate line of where they were when the collision happened. The extreme backs would be the last to move from a straight line that they were traveling in."

Much of the testimony produced by plaintiff was contradicted by defendant's witnesses, yet manifestly it presented a question of fact. The court properly submitted this question of fact to the jury for determination. *DeWitt* v. *Gerard,* 274 Mich. 299; *Harding* v. *Blankenship,* 274 Mich. 118; *Patt* v. *Dilley,* 273 Mich. 601; *Miller* v. *Railway Co.,* 234 Mich. 184; *Wickett* v. *Railway Co.,* 218 Mich. 440.

Counsel for defendant contend that,

"It is to be presumed that defendant's deceased driver, Niedzielski, was exercising due care and was not negligent."

The only eyewitnesses to the collision were the drivers of the respective trucks. The driver of defendant's truck was deceased at the time of the trial. Eleven days before the trial defendant moved to join plaintiff's driver, Vernon Gilling, as a cross-defendant. This motion was granted. When Gilling was produced by plaintiff as a witness, his testimony as to what occurred at the time of the collision was objected to as being equally within the knowledge of the deceased driver of defendant's truck, and was excluded by the court.* Whether this testimony was properly excluded or not we are not called upon to decide, there being no cross-appeal. During the trial, on motion of cross-defendant Gilling, the

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

cause was dismissed as to him, he having refused to accept service of process and being present from without the State only in response to a subpœna to appear as a witness at the trial in this cause.

After the dismissal of the action as to Gilling, plaintiff called him as a witness in rebuttal, and he testified, without objection on the part of counsel for defendant:

"After we rounded the curve east of the scene of the accident we were on the north side of the highway all the time."

This testimony, coupled with that showing the physical facts after the accident, overcame the presumption claimed by defendant. Such presumption applies where there is no evidence to the contrary, but we said in the case of *Rasmussen* v. *McEachron,* 274 Mich. 200, "such presumption cannot be weighed against the actual facts."

"Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence for they fade out in the light of evidence, no matter how contradictory the evidence." *Patt* v. *Dilley, supra.*

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.