### GORDON v. HARTWICK.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—REAR-END COLLISION —EVIDENCE.

In husband's action against motorist for injuries sustained in rear-end collision, evidence supported finding of trial court that plaintiff husband was guilty of contributory negligence.

2. SAME—REAR-END COLLISION—IMPUTED NEGLIGENCE.

The contributory negligence of husband, driver of car in which plaintiff wife was a passenger, is not imputable to her in her action against motorist arising out of a rear-end collision.

3. SAME—SPEED—STATUTES—EVIDENCE.

Where it appears that defendant motorist paid no attention to plaintiffs' car ahead until about 50 feet therefrom and started to decelerate when somewhat less than that distance from

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] Reciprocal duties of drivers of automobiles or other vehicles proceeding in the same direction. 104 ALR 485, supplementing 24 ALR 507; 47 ALR 703; and 62 ALR 970.
[2] 5 Am Jur, Automobiles, §§ 494, 498.
[2] Negligence of driver of automobile as imputable to passenger. 90 ALR 630.
[3] 5 Am Jur, Automobiles, §§ 259–263, 280.
[4] 5 Am Jur, Automobiles, §§ 606, 609.
[4] *Res ipsa loquitur* as applied to automobile accidents. 93 ALR 1111, supplementing 5 ALR 1243; 12 ALR 668; and 64 ALR 259.
[5, 6] 39 Am Jur, New Trial, §§ 129–134.

rear end of plaintiffs' car, there is persuasive evidence that'
defendant was guilty of violation of statute making it illegal
to drive a car at a speed greater than will permit him to
bring it to a stop within the assured clear distance ahead
(CL 1929, § 4697, as amended by PA 1939, No 318).

4. SAME—REAR-END COLLISION—PRESUMPTION OF NEGLIGENCE.
   The fact that a collision between automobiles, occurring at
   noon, was a rear-end collision is presumptive evidence of
   negligence on the part of the driver of the overtaking car
   (CL 1948, § 256.511).

5. SAME—REAR-END COLLISION—FINDING OF NEGLIGENCE—EVI-
   DENCE.
   In passenger wife's nonjury action against overtaking motorist,
   involved in rear-end collision, trial court's findings that de-
   fendant driver was free from negligence *held,* against the
   clear weight of the evidence (CL 1948, § 256.511).

6. SAME—REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE OF
   PLAINTIFF PASSENGER.
   In action by plaintiff wife, as passenger in car driven by her
   husband, against overtaking motorist for injuries sustained
   in rear-end collision, where trial court's finding that defend-
   ant driver was not guilty of negligence was against the clear
   weight of the evidence and defendants did not claim she had
   failed to show herself free from contributory negligence in the
   trial court nor on appeal in Supreme Court, new trial is granted
   to her (CL 1948, § 256.511).

Appeal from Arenac; Shaffer (John C.), J. Sub-
mitted June 14, 1949. (Docket No. 53, Calendar No.
44,333.) Decided September 8, 1949. Rehearing
denied October 14, 1949.

Separate actions of case by Rollin C. Gordon and
Beatrice M. Gordon against Don Hartwick and Jo-
seph Kopaczewski for injuries sustained when their
automobile was struck by car driven by defendant
Kopaczewski. Cases consolidated for trial. Judg-
ment for defendants. Plaintiffs appeal. Affirmed as
to case by Rollin C. Gordon, reversed as to case by
Beatrice M. Gordon.

· *Nuel N. Donley* (*Worcester & Worcester,* of counsel), for plaintiffs.

*Heilman & Purcell,* for defendants.

REID, J. These 2 cases were consolidated for purposes of trial. In each case separately the plaintiff appealed but the appeals are submitted on one record. The plaintiffs in the 2 cases are husband and wife. Jury trial was waived in each case and the cases were tried by the court without a jury. In each case the finding and judgment was in favor of the defendants.

The cases were brought to recover damages claimed by the plaintiffs to have been sustained by reason of an automobile owned by defendant Hartwick and driven by defendant Kopaczewski, colliding with the rear end of an automobile driven by plaintiff Rollin C. Gordon. The accident occurred on US–23 about a mile north of Kawkawlin in Bay county at about noon on September 24, 1946. The day was bright and clear and the pavement was dry. At the point of the accident there is a 3-lane highway of cement, which was level and straight. The highway consisted of three 11-foot slabs, a total of 33 feet in width, with gravel shoulders about 8 or 10 feet wide. Plaintiff Rollin C. Gordon was driving his Oldsmobile two-door sedan south, accompanied by his wife, plaintiff Beatrice M. Gordon.

Plaintiffs claim that Gordon was driving in the west lane, had been going 40 to 45 miles per hour, and slowly decelerated to a speed of approximately 20 miles per hour; that shortly before the accident Mr. and Mrs. Gordon intended to stop at a place of business along the highway to look at some stones about which they knew, which were apparently displayed there for sale purposes; that as they approached this place Gordon slowed down his auto-

mobile and intended to park it on the west shoulder of the highway south of a car with two-wheel trailer attached which had been parked on said shoulder near the pavement in front of the place where the stones were on exhibition. Plaintiffs claim that as Gordon prepared to turn off the pavement on the right shoulder, the Gordon car was struck in the left rear by the defendant car with so great violence that the back of the Gordon car and the gasoline tank were stove in and articles in the trunk of the car were smashed up against the back seat and that the front seat of the Gordon car was broken from its attachment to the floor of the car, that each of the two plaintiffs suffered great personal injuries, and that the Gordon car was driven so that it turned at a right angle to the pavement and struck the pile of stones which were on display.

Plaintiffs claim that the collision was caused by the sole negligence of defendant Kopaczewski, who was driving the car owned by Hartwick at an excessive speed, that Kopaczewski did not have his car under control so as to be able to stop within the assured clear distance ahead, did not observe the proper rules for passing the Gordon car, and did not do everything he could have done to avoid the accident. Plaintiffs further claim that defendant Kopaczewski was arrested because of his negligent actions on this occasion and paid the costs of prosecution, as an acknowledgment that he had violated the rules of the road.

Defendants claim that plaintiff Gordon was negligent because he did not observe that defendant car was near behind him when he slowed for the purpose of observing the pile of stones, that after applying his brakes, the Gordon car swerved to the left into the middle lane at least so far that the front of the car was 3 feet into the center lane, and defendants claim this blocked off the defendant driver so that

he could not pass the Gordon car, because of the approach of a car from the south on the easterly lane.

The trial judge found that the left side of the plaintiffs' car was a short distance over on the center lane at the time of impact, and there was no testimony of proper observation by the driver to the rear or signal before turning into such center lane. The trial judge found that each of the plaintiffs had failed to establish negligence of defendant driver and freedom of plaintiff driver from contributory negligence, and that the plaintiffs had failed to meet that burden on each of such questions. While both plaintiffs deny that their car swerved into the center lane even a few feet, still there is testimony to sustain the finding of the trial judge on the question of plaintiff Rollin C. Gordon's contributory negligence. We do not find that the testimony clearly preponderates against that portion of the finding by the trial court, and the judgment of no cause of action as to plaintiff Rollin C. Gordon is affirmed.

This leaves for our consideration the question of the negligence of defendant Kopaczewski in the case of plaintiff Beatrice M. Gordon. The negligence of Rollin C. Gordon, the driver, is not imputable to his wife, Beatrice M. Gordon. *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697).

It is necessary to consider in some detail the testimony of defendant Kopaczewski. His father-in-law Byron Hartwick was with him but was not sworn as a witness. The testimony as to defendant Kopaczewski's control of his car preceding the accident is chiefly the testimony of Kopaczewski himself, together with evidence as to skid marks on the pavement. The testimony of Kopaczewski is not self-consistent; his testimony is full of self-contradictions, so that it is difficult to find out exactly from his testimony what he did preceding the impact.

However, he does say that he did not see plaintiffs' car until he was 50 feet back of it. Kopaczewski testified:

"*Q.* How far were you behind the car when you first saw him, the lights?
"*A.* About 50 feet.
"*Q.* 50 feet. You will say 50 feet?
"*A.* Within about 50 feet.
"*Q.* You were 50 feet and he was then turning, according to your testimony, in to the left, is that right?
"*A.* Not until after I applied the brakes."

Further on in his testimony defendant says:

"*Q.* Now, let us get this story again. You said you saw his lights 50 feet.
"*A.* I didn't say 50 feet.
"*Q.* You were 50 feet behind when you first saw the lights?
"*A.* I saw the car."

Defendant Kopaczewski nowhere in his testimony claims that he saw plaintiffs' car any further distance away than the 50 feet mentioned in the two excerpts just cited. At one time in his testimony he said:

"Just prior to the accident I would be going possibly around 45, and as I approached the scene of this accident Mr. Gordon's car was going about the same speed as my car was because we were traveling in the same direction."

Defendant further testified:

"*Q.* You were in the same lane he was in, weren't you?
"*A.* That is right.
"*Q.* At all times?
"*A.* Sure.

"*Q*. Never left it?

"*A*. All except when I see he applied his brakes and pulled in the left lane, I tried to pass him."

Another time in his testimony, defendant testified:

"I was in this center lane at the time of the accident and I hit Mr. Gordon's car on the left rear.

"*Q*. Left rear. And your right-hand side of the car was damaged, right?

"*A*. Right front.

"*Q*. So therefore, you turned abruptly to the left, didn't you, to try to avoid the accident?

"*A*. That is right. To the left, yes."

At another place in his testimony defendant testified:

"If he had stayed in the right-hand lane, I would have had an opportunity to go by him in that manner. He just had his front end just started to turn at the impact."

There was conflicting testimony as to skid marks of defendant's car. Witness Confer testified that he found the skid marks "come across the black mark, and into the center lane," that the skid marks were first in the west lane and his best recollection is that they were in the neighborhood of 21 feet long.

Witness Barkell, upon being recalled, testified:

"*Q*. How far to the west of this center line with reference to these 2 lines, did your skid marks first start, to the best of your recollection?

"*A*. That I wouldn't venture to state, because I hadn't measured them.

"*Q*. But they did start back there in the other lane?

"*A*. That is right. Right back here.

"*Q*. So, if you are to extend this line up further, it would show the skid marks started in this lane here, is that right?

"*A*. It would be 9 paces or 27 feet."

While the testimony is somewhat uncertain and conflicting, there can be no doubt that defendant Kopaczewski did nothing whatsoever to decelerate until he was somewhat nearer than 50 feet to the plaintiffs' car. He had paid no attention to that car until he was within 50 feet of it, and did not know that the plaintiffs' car was slowing down until he saw the rear lights come on.

That defendant Kopaczewski traveling at 45 miles an hour or even at his claimed lower speed of 35 miles an hour, came within 50 feet of the car ahead of him without seeing it or at least without paying any attention to it, is persuasive proof of his negligence. In this case defendant driver claims he did all that he could after he saw the red lights of the car ahead of him, to avoid the collision, *but was unable to do so.* There is persuasive evidence that defendant driver was guilty of violation of the statute, CL 1929, § 4697, as amended by PA 1939, No 318* (Comp Laws Supp 1940, § 4697 [Stat Ann 1946 Cum Supp § 9.1565]), the pertinent part of subd (a) of which is as follows:

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The fact that the collision was a rear-end collision is presumptive evidence of negligence on the part of the driver of the following car.

"In any action, in any court in this State when it is shown, by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty

---

* This section, as amended by PA 1947, No 354, appears as CL 1948, § 256.305.—REPORTER.

of negligence. This act shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator." CL 1948, § 256.511 (Stat Ann § 9.1691).

In addition, defendant Kopaczewski admits that he was arrested on account of his actions in the matter of this collision, and paid the costs. Defendant Kopaczewski's own testimony shows him guilty of negligence. The finding of the trial judge that defendant Kopaczewski was not shown guilty of negligence causing the injuries complained of is against the clear weight of the evidence.

Defendants did not claim in the trial court nor on appeal in this Court that plaintiff Beatrice M. Gordon failed to show herself free from contributory negligence.

The judgment in the case of Beatrice M. Gordon against Don Hartwick and Joseph Kopaczewski is reversed and new trial ordered. Costs to plaintiff Beatrice M. Gordon.

In the case of Rollin C. Gordon v. Don Hartwick and Joseph Kopaczewski, the judgment of no cause of action is affirmed, with costs to the defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.