CORBIN v. YELLOW CAB COMPANY.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY    NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTION.
    Such error as there may have been in charge to jury that plaintiffs could recover in action arising out of automobile collision if they showed defendant's driver was negligent in causing their damages and injuries was cured by a subsequent instruction that plaintiffs had the burden of showing that plaintiff driver was not guilty of contributory negligence proximately causing the accident, especially where there is an absence of proof that plaintiff was guilty of contributory negligence.

2. SAME—REAR-END COLLISION—INSTRUCTION—ASSURED CLEAR DISTANCE.
    Instruction, given jury in case arising from collision of defendant's taxicab with rear end of plaintiffs' car, that the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 1097.
[2, 3] 5A Am Jur, Automobiles and Highway Traffic §§ 290, 1098.
[4, 5] 5A Am Jur, Automobiles and Highway Traffic § 351 et seq.

cab driver was under duty to keep a proper lookout and keep his machine under such control as would enable him to avoid a collision with any other person or object using care and caution *held,* without error (CLS 1954, § 257.627).

3. SAME—REAR-END COLLISION—INSTRUCTION—ASSURED CLEAR DISTANCE AHEAD.

Instruction in action arising out of rear-end collision between plaintiffs' car and defendant's taxicab that defendant's driver must, on peril of legal negligence, so drive that he can and will discover an object and perform the manual acts necessary to stop within the range of his vision was not erroneous (CLS 1954, § 257.627).

4. SAME—REAR-END COLLISION—PRESUMPTION OF NEGLIGENCE—EVIDENCE.

The statutory presumption that the driver of an overtaking vehicle which collides with the rear end of another car lawfully proceeding or standing on the highway shall be deemed prima facie guilty of negligence applies in the absence of evidence (CLS 1954, § 257.402).

5. SAME — REAR-END COLLISION — INSTRUCTIONS — NEGLIGENCE — STATUTES.

It was not error to instruct jury in action arising from collision of defendant's taxicab with rear end of plaintiffs' car which was slowing up behind a line of traffic at a railroad crossing by reading statute to jury raising statutory presumption of negligence on part of driver of an overtaking vehicle which collides with vehicle preceding it and then instructing jury that a violation of such rule of the road was negligence per se, negligence of defendant not being open to question under the admitted facts (CLS 1954, § 257.402).

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted June 5, 1957. (Docket Nos. 24, 68, Calendar Nos. 47,016, 47,386.) Decided September 4, 1957.

Case by Mart E. Corbin against Yellow Cab Company, a Michigan corporation, for property damage, and similar action by Clara Naomi Corbin against same defendant for personal injuries arising from automobile collision. Cases consolidated for trial

and appeal. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Russell W. Conroy,* for plaintiffs.

*North, Allen & Scatterday (John M. Allen,* of counsel), for defendant.

Sharpe, J. These 2 causes of action were consolidated for the purpose of trial and were brought to recover damages from the Yellow Cab Company on account of personal injuries suffered by Clara N. Corbin and property damages suffered by her husband, Mart E. Corbin, in an automobile accident which occurred in the city of Battle Creek on September 1, 1953. The essential facts necessary to decision are as follows:

Clara Corbin was driving about 15 to 20 miles per hour in a northerly direction on South Kendall street in a line of traffic. Riding with her in the front seat of her automobile were her daughter and a Mrs. Coppis. In the back seat was Mr. Coppis. The time was between 2:30 and 3 o'clock in the afternoon. The weather was clear and the brick pavement dry and free of foreign material.

As Mrs. Corbin was crossing the Grand Trunk railroad tracks, she saw flashing lights up ahead at the New York Central railroad tracks about 500 feet away. There were about 20 cars between her and the New York Central tracks. As she came over the Grand Trunk railroad tracks she saw that the cars ahead of her were stopping so she put out her hand and slowly brought her car to a stop by first disengaging the clutch and then taking her foot off the gas and slowly putting her foot on the brake. According to Mrs. Corbin, it took her about 5 seconds to stop.

After she had brought her car to a stop, she glanced in the rear-view mirror and saw the Yellow Cab taxi approaching from the rear about 1 car length away. She claims that she saw the driver of that taxi looking to the right out the window. She could not say how fast he was traveling, but she grabbed onto the steering wheel and the next thing she knew, the cab had hit the Corbin car.

Mr. Partain, the driver of the Yellow Cab, testified that he was driving in a northerly direction on South Kendall street at about 25 miles per hour and when he reached the Grand Trunk railroad tracks some sweat came down into his eyes so he couldn't see for 3 or 4 seconds. Before he reached the Grand Trunk tracks, he noticed plaintiff's car up ahead of his, about 5 car lengths away, traveling at about the same speed as his cab. When the sweat came into his eyes, he tried to wipe it away by placing the back of his right hand across his forehead and eyes. When his eyes first cleared up, he saw the car up ahead of him about 2 car lengths away. He immediately applied his brakes, which took hold, but not in time to avoid the collision. Mr. Partain admitted that he told Mrs. Corbin that he was sorry, but denied looking out of the window or saying that the accident was his fault.

The cause was submitted to a jury who returned a verdict in favor of plaintiffs, upon which judgment was entered. Subsequent to the entry of judgment defendant made a motion for a new trial based upon certain instructions to the jury.

The motion for a new trial was denied and defendant appeals. It is urged that the following instruction is fatally inaccurate in that it did not inform the jury that plaintiff must prove by a preponderance of the evidence that she was free from contributory negligence.

"You are, therefore, instructed that if you find the defendant's driver was negligent—and responsible for the accident, and there were damages and injuries directly caused thereby to the plaintiff, under the evidence introduced herein, and the law given to you by this court, then, in that event, the defendant shall respond then and be liable for such damages as you may find due the plaintiff under the said law and evidence of this case."

We also note that the trial court gave the following instruction to the jury:

"I instruct you, that in order to recover, the plaintiff has the burden of proving and establishing by a preponderance of the evidence:

"One, that the plaintiff, Clara Naomi Corbin, at the time and place of said collision or accident, was not guilty of any negligence which in any way contributed to, or was a proximate cause of, the accident."

If there was error in the charge complained of it was cured by the subsequent instruction. We note that on the record before us there appears to be an absence of proof that plaintiff was guilty of any contributory negligence.

It is also urged that it was error to submit the following charge to the jury:

"He is obliged to take notice of the conditions before him. And, if it is apparent, that, by reason— of some particular method or proceeding, he is likely to work an injury, it is his duty to adopt some safer method. If, with reasonable care and prudence he can do so. He is bound to anticipate that he may meet other vehicles or pedestrians at any point in the street and he must keep a proper lookout for them *and keep his machine under such control as will enable him to avoid a collision with any other person or object properly using care and caution."* (Emphasis supplied.)

The above instruction relates to the "assured clear distance rule" (CLS 1954, § 257.627 [Stat Ann 1952 Rev § 9.2327]) and is controlled by our decision in *Gordon* v. *Hartwick,* 325 Mich 534. We find no error in the instruction.

Error is also claimed of the following instruction:

"I charge you, ladies and gentlemen of the jury, that it is not enough that a driver of a vehicle be able to begin to stop within the range of his vision. Or, he use diligence to stop after discerning the object or pedestrian. That rule makes no allowance for delay in action. He must on peril of legal negligence so drive that he can and will discover an object—perform the manual—ah—acts—necessary to stop. Bring the car to a complete halt within the range of his vision."

The above instruction also relates to the assured clear distance rule. In *Ruth* v. *Vroom,* 245 Mich 88, 91 (62 ALR 1528), we said:

"It is not enough that a driver be able to begin to stop within the range of his vision, or that he use diligence to stop after discerning an object. The rule makes no allowance for delay in action. He must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range. If blinded by the lights of another car so he cannot see the required distance ahead, he must, within such distance from the point of blinding, bring the car to such control that he can stop immediately, and, if he cannot then see, shall stop."

We do not find any error in the above charge.

It is also urged that the prima facie presumption of negligence raised by the rear-end collision statute, CLS 1954, § 257.402 (Stat Ann 1955 Cum Supp § 9.2102) applies only in the absence of testimony

relative to the facts and that the trial court was in error in giving the following instructions:

"In any action, in any court in this State, when it is shown by competent evidence that a vehicle traveling in a certain direction overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, driver or operator of such first-mentioned vehicle shall be deemed prima facie guilty of negligence. * * *

"These provisions are part of what is known, the rules of the road. Violation of any of the rules of the road, including those which I have given you is negligence per se, or in and of itself."

We do not find error in the above instructions in view of the fact that defendant did collide with the rear end of the Corbin car. It is the rule that in the absence of evidence, the presumption applies, but in the case at bar it is an admitted fact that the rear end of the Corbin car was struck by defendant. In such a case the negligence of defendant is not open to question and it was not error to give the instructions or read the statute to the jury.

The judgment is affirmed, with costs.

Smith, Edwards, Voelker, Kelly, Carr, and Black, JJ., concurred with Sharpe, J.

Dethmers, C. J., concurred in the result.