LINABERY v. LAVASSEUR.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEGLIGENCE OF MOTORIST.
   Whether or not defendant driver of tractor-trailer was guilty of negligence as a matter of law is not before Supreme Court, although mentioned in plaintiffs' brief, where such question was not raised in the trial below, either by requests to charge, or by motions for directed verdict or judgment *non obstante veredicto* in case arising out of rear-end collision (CLS 1956, § 257.402).

2. AUTOMOBILES—REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.
   Finding by jury in rear-end collision case that plaintiff driver was guilty of contributory negligence in decelerating her car without signalling *held*, not against the great weight of the evidence (CLS 1956, § 257.402).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 246.
[2] 5A Am Jur, Automobiles and Highway Traffic § 404.
Sudden or unsignaled stop or slowing of motor vehicle as negligence. 29 ALR2d 5.
[3] 5A Am Jur, Automobiles and Highway Traffic § 923.
[4] 5A Am Jur, Automobiles and Highway Traffic §§ 211, 216.
"Emergency rule" as applied to automobile or motorcycle drivers. 6 ALR 680; 27 ALR 1197; 79 ALR 1277; 111 ALR 1019.
[5] 58 Am Jur, Witnesses §§ 667, 668, 673.
[6] 53 Am Jur, Trial § 492; 3 Am Jur, Appeal and Error § 1062.
[7] 14 Am Jur, Courts § 156.

3. SAME—REAR-END COLLISION—PRESUMPTION OF NEGLIGENCE—EVI-
DENCE.

Statutory presumption of negligence on part of motorist who
approached and collided with the rear of another vehicle does
not apply, where there is evidence as to his actions (CLS
1956, § 257.402).

4. SAME—REAR-END COLLISION—SUDDEN EMERGENCY—INSTRUCTIONS
—STOPPING—SIGNALS.

Sudden emergency instruction in behalf of defendant driver in-
volved in rear-end collision with plaintiffs' car *held*, not error,
where there is evidence that plaintiff driver slowed down or
stopped for no apparent reason and gave no signal of her
intent so to do (CLS 1956, § 257.402).

5. SAME—CROSS-EXAMINATION.

Cross-examination of defendant driver whose tractor-trailer col-
lided with rear end of plaintiffs' car *held*, not to have been
shown as unduly curtailed, where it is not shown what plain-
tiffs expected to show that had not already been developed,
or how they were prejudiced by the alleged curtailment (CLS
1956, § 257.402).

6. APPEAL AND ERROR—IMPROPER ARGUMENT TO JURY.

No prejudicial error is *held*, to have resulted from argument of
incorrect law by defendants' counsel where the criticized argu-
ment related to a subject of little and but indirect significance
to the case, was immediately objected to by plaintiffs' counsel,
and no request to charge thereon was made by plaintiffs and
the court gave no instruction with respect to it.

7. AUTOMOBILES—REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE—
BURDEN OF PROOF—INSTRUCTION—COURT RULES.

Charge of trial court in case arising from rear-end collision be-
tween plaintiffs' car and defendants' tractor-trailer, in which
court stated that plaintiff driver had duty of showing herself
to be free from contributory negligence notwithstanding court
rule in effect at time charge was given imposed burden on
defendant to show plaintiff driver guilty of contributory
negligence *held*, correct, where case was tried almost entirely
before court rule became effective and at a time when plain-
tiffs had such burden (CLS 1956, § 257.402; Court Rule No
23, § 3a, effective June 1, 1958).

8. SAME — REAR-END COLLISION — INSTRUCTIONS — NEGLIGENCE —
CONTRIBUTORY NEGLIGENCE.

Instructions given in case arising from rear-end collision, when
taken in their entirety, *held*, to have adequately, fairly, and

correctly covered the definition of contributory negligence and its application and amount of care required of the respective parties (CLS 1956, § 257.402).

BLACK and KAVANAGH, JJ., dissenting.

Appeal from Genesee; Roth (Stephen J.), J. Submitted October 13, 1959. (Docket Nos. 58, 59, Calendar Nos. 47,974, 47,975.) Decided February 26, 1960. Rehearing denied April 11, 1960.

Consolidated cases by Ray Linabery and Frances Linabery against Earl LaVasseur and Roy LaVasseur for personal injuries, medical expense, and property damage resulting from rear-end collision of motor vehicles. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Leitson & Dean,* for plaintiffs.

*Milliken & Magee,* for defendants.

DETHMERS, C. J. Plaintiffs in these 2 cases are husband and wife. Suit is for costs of automobile repairs and for damages resulting from the wife's personal injuries caused by one of the defendants driving a tractor-trailer, owned by the other, into the rear of the automobile owned by the husband and then being operated by the wife, hereinafter called the plaintiff. The 2 cases were consolidated for trial as they are on appeal here. Plaintiffs appeal from a jury verdict of no cause for action and denial of their motions for new trial.

The plaintiff was driving the automobile, at a rate of speed of 35 miles per hour, in the lane next to the center line of a 4-lane city street, along the left side of a bus traveling in the same direction. The tractor-trailer was following the bus, in the outer lane, at about 25 miles per hour. The bus slowed down,

whereupon defendant driver turned into the center lane behind the plaintiff, and accelerated to pass the bus. Plaintiff testified that when the bus slowed down, she did so also, applying the brake and reducing her speed from 35 to about 15 or 20 miles per hour. Defendant driver testified, however, that she made a sudden stop. Plaintiff testified that she had not intended to stop, and she gave no reason why either stopping or decelerating was necessary. She testified that she knew the traffic was heavy, but that she did not look at her rear-view mirror or look back at all, that she never saw defendants' truck before it struck her, and that she did not give any signal of her intention to slow down. As soon as defendant driver noticed plaintiff slow down, or, as he termed it, suddenly stop, he "slammed" his brakes on, but was unable to avoid striking the rear of the automobile with the front of the tractor-trailer.

The question whether defendant driver was guilty of negligence as a matter of law, mentioned in plaintiffs' brief, was not raised below, either by requests to charge, or by motions for directed verdict or judgment *non obstante veredicto.* It is not before us.

Plaintiffs say the verdict is contrary to the great weight of the evidence. Whatever may be the conflicting views as to the question of defendant driver's negligence, as may be gathered from the opinions in *Sun Oil Co.* v. *Seamon,* 349 Mich 387, evidence of the conduct of the plaintiff in the instant case presented a jury question as to her contributory negligence, and a finding against her by the jury on the question cannot be said to be against the great weight of the evidence.

Was it error for the court to fail to give plaintiffs' requested charge, in line with CLS 1956, § 257.402 (Stat Ann 1952 Rev § 9.2102), that defendant driver's striking the rear of plaintiffs' vehicle makes him prima facie guilty of negligence? Plaintiffs say yes,

citing *Gordon* v. *Hartwick*, 325 Mich 534, and *Corbin*
v. *Yellow Cab Co.*, 349 Mich 434. *Gordon* was tried
without a jury, thus presenting no question as to in-
structions. While the opinion contains a statement
that a "rear-end collision is presumptive evidence of
negligence on the part of the driver of the following
car," decision did not turn on the question of a pre-
sumption or of prima facie negligence, but on wheth-
er a finding of no negligence was against the clear
preponderance of the evidence. In *Corbin*, as dis-
tinguished from the instant case, plaintiff had good
reason to stop, for a train and line-up of cars ahead
of her, she saw defendant approaching behind her,
signalled her intention of stopping, and came to a
stop slowly. In that case this Court, in finding, un-
der the evidence or paucity thereof in that case, no
error in the trial court's instruction similar to that
here requested by plaintiffs, nonetheless said con-
cerning the presumption here in question (p 440),
that "It is the rule that in the absence of evidence,
the presumption applies." There was no absence of
such evidence at bar. On the contrary, there was
evidence that the plaintiff either slowed down or
stopped suddenly, for no apparent reason, without
giving any signal of her intent so to do. Here there
was evidence which, as said in the case of *Patt* v. *Dil-
ley*, 273 Mich 601, caused the presumption to disap-
pear. As held in that case, under such circumstances,
the giving of an instruction, as plaintiffs requested,
would have been error. This evidence would also
bring into play the reasoning and holding in *Rossien*
v. *Berry*, 305 Mich 693, that it was not, as plaintiffs
here claim, error for the court to give an instruction
on the question of a sudden emergency confronting
defendant driver.

Plaintiffs complain of being curtailed by the court
in the cross-examination of defendant driver. No
showing is made of undue curtailing, that the exam-

ination was other than repetitious, as the court styled it, what it was that plaintiffs expected to show that had not already been developed, or how plaintiffs were prejudiced in this connection. We find no error on this account.

Plaintiffs complain of the court permitting defendants' counsel to argue incorrect law, without itself correcting it. The criticized argument related to a subject of little and but indirect significance to the case, serving, at most, to reflect on the plaintiff as a witness. Plaintiffs' counsel immediately objected to the argument, it was not pursued further by defendants' counsel, plaintiffs made no request to charge on the subject, and the court gave none. No prejudicial error resulted.

Trial commenced on Wednesday, May 28, 1958, continued on Thursday, May 29th, and, at the end of that day, was adjourned over the Memorial Day week end until Tuesday, June 3d. On the latter date one additional witness was sworn and testified, counsel made their arguments, the court charged the jurors, and they returned their verdict. On June 1, 1958, Michigan Court Rule No 23, § 3a, became effective "in all negligence cases tried after the effective date" thereof.* It provided that "the contributory negligence of the plaintiff shall be deemed to be a matter of affirmative defense to be pleaded and proved by defendant." Prior thereto the burden was on plaintiff to prove her freedom from contributory negligence. Plaintiffs charge error on the court's refusal to charge, as plaintiffs requested, that the burden of proof was on defendants to show the plaintiff was guilty of contributory negligence and charging them, instead, that the burden was on plaintiff to prove her freedom therefrom. The new section 3a also provides that "in cases pending as of the effec-

---

* See 352 Mich xiv.—REPORTER.

tive date of this rule, amendments to pleadings to conform to its provisions shall be granted on motion filed prior to trial." It is obvious that in this case, tried almost entirely before the effective date of the new rule, it was impossible on that date to grant amendment to the pleadings to which a motion filed prior to trial was prerequisite, there having been no requirement for filing such motion before June 1st. The quoted language as to amendments makes it plain that no such switch of rules was intended to become controlling in the midst of the trial of a lawsuit. This was not a case tried after the effective date of the new rule. The court's charge was correct.

Plaintiffs also complain of the court's instructions as to definition of contributory negligence and its application and refusing to give plaintiffs' requests relative to amount of care required of the respective parties. The instructions in their entirety adequately, fairly, and correctly covered these subjects.

Affirmed, with costs to defendants.

CARR, KELLY, SMITH, and EDWARDS, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*dissenting*). The majority opinion does not adequately inform the profession with respect to plaintiffs' request to charge No. 13.* The request was instructionally proper for both cases and, as to form, fits our recently announced departure from certain finical notions found in some cases which, for a time, repudiated the good sense of *Gillett* v. *Michi-*

---

* After proper quotation of the statute (CLS 1956, § 257.402 [Stat Ann 1952 Rev § 9.2102]) plaintiffs' said request proceeds relevantly as follows:

"If the party to this action violated the statute just read to you, the presumption arrives that he was negligent. This presumption is not a conclusive one. It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable, justifiable, and such which might reasonably have been expected from a person of ordinary prudence."

*gan United Traction Co.,* 205 Mich 410. The scroll
of this Court's return to the evidentiary principles
of *Gillett* may be unrolled and read commencing with
*Hett* v. *Duffy,* 346 Mich 456, and continuing through
*Steger* v. *Blanchard,* 350 Mich 579; *Weller* v. *Mancha,*
351 Mich 50; *Shaw* v. *Bashore,* 353 Mich 31; *Steger*
v. *Blanchard,* 353 Mich 140; *Weller* v. *Mancha,* 353
Mich 189; and *Britten* v. *Updyke,* 357 Mich 466.

These plaintiffs under the cited cases were entitled
on request to proper instruction that the statutory
presumption of negligence should be applied to the
issue of actionable negligence as charged "unless
they [the members of the jury] found contrary and
credible testimony."\*   And *Corbin* v. *Yellow Cab Co.,*
349 Mich 434, 440, when it is read in proper context
without deletion of the very vitals of the concluding
paragraph of the opinion, clearly supports the pro-
priety of plaintiffs' said request No. 13.

On such ground I disagree with the conclusion of
the Court that "there was evidence which, as said in
the case of *Patt* v. *Dilley,* 273 Mich 601, caused the
presumption to disappear." Whether such presump-
tion did or did not disappear was a jury question for
a properly instructed jury; not the trial judge.

I would reverse.

KAVANAGH, J., concurred with BLACK, J.

SOURIS, J., took no part in the decision of this case.

---

\* Quotation from *Britten* v. *Updyke* at page 473.